No. 94.—J. D. BEERS and others, plaintiffs in error. *vs.* JOHN R. DAWSON, ex'r, &c. John Crowell, claimant and defendant in error.

[1.] A claimant cannot set up an outstanding title in a third person, to protect himself and defeat the plaintiff in execution.

[2.] The presumption of fraud, arising from the continued possession of chattels by the vendor, after an absolute bill of sale has been executed, may be explained ; otherwise, it becomes conclusive.

Beers and others *vs.* Dawson.

Claim, in Muscogee Superior Court. Tried before Judge ALEXANDER, May Term, 1850.

This was an issue, formed upon a claim to a negro, interposed by John R. Dawson, as executor of John Crowell, deceased, to a negro boy levied on as the property of one John J. Wilson.

The evidence showed that the negro remained in the possession of Wilson about six months after the sale to Crowell, and then went into Crowell's possession, where he remained until Crowell's death. The letters testamentary of the claimant were not in evidence.

Plaintiff's counsel requested the Court to charge, that it was necessary for the claimant to introduce his letters testamentary, to make out his claim. The Court refused so to charge, but charged, that it was sufficient for the claimant to show title out of the defendant in execution. To which charge and refusal to charge, plaintiff in *fi. fa.* excepted.

Counsel for plaintiff in *fi. fa.* also requested the Court to charge the Jury, " that if they believed, from the testimony, that the negro boy remained in the possession of Wilson for six months after the sale, the sale was fraudulent and void against creditors, unless they believed the possession was explained by testimony." The Court declined so to charge, and plaintiff in *fi. fa.* excepted.

On these exceptions, error was assigned.

JONES, BENNING and JONES, for plaintiff in error.

W. DOUGHERTY, for defendant in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] John R. Dawson claimed the negro levied on, as the executor of John Crowell, deceased, but failed to offer in evidence his letters testamentary. The Circuit Judge held, that this was unnecessary, and that it was sufficient to show title out of the defendant in execution.

So far as we are informed, the uniform practice in this State, under our claim laws, has been otherwise. The claimant makes oath that the property levied on is his. The object of this pro-

ceeding is, to enable him to protect his own property from sale, and not the property of any one else. The plaintiff in *fi. fa.* comes into Court to litigate the title of the claimant, and not that of some third person, between whom and the claimant there is no privity. Is it not absurd for the claimant to make oath, as he is required to do, that the property *is his*, and then show on the trial that it *belonged to another?* What right has a *volunteer* thus to interpose between the creditor and his debtor ? What is it to him, that somebody has the title, other than the defendant, provided he himself has none ? Will he be permitted to protect himself from the penalty of his bond by such proof ?

[2.] Counsel for the plaintiff in *fi. fa.* further requested the Court to charge the Jury, that if they believed, from the testimony, that the negro in dispute remained in possession of Wilson, the defendant in execution and vendor, for six months after the sale, the sale was fraudulent and void against creditors, unless the possession was explained by the evidence. The Court refused to give the instructions asked ; wherefore, the record does not disclose.

I need scarcely repeat what has been more than once before said in substance by this Court, that formerly, an absolute sale of chattels, unaccompanied with possession, was fraudulent in law, and void as against creditors ; but that the modern rule is, that the possession was susceptible of explanation. If none, however, is given, the presumption becomes conclusive.

Upon both grounds, then, the plaintiff in error is entitled to have the judgment below reversed.