HIRAM ROBERTS, plaintiff in error, vs. MICHAEL BOYLAN, dedendant in error.

[1.] A deed of assignment for the benefit of creditors, conveying all the property of the debtor, and then setting forth specially, certain slaves by value without further saying, "all other slaves not mentioned," or not "remembered," or other equivalent words, conveys only the negroes whose names are mentioned in the deed.

[2.] The title of a purchaser at Sheriff's sale, depends on the lien of the judgment on the property which he purchased.

[3.] A Court of Equity will sustain a purchase at Sheriff's sale, against an assignee for the benefit of creditors, of the property purchased, when the purchaser has committed no fraud, and is without fault, and the debtor and creditor have had the full benefit of the proceeds of the sale, especially, when it does not appear that the proceeds of the sale of property assigned, was paid to the creditors, and there was a deficiency.

Trover, in Chatham Superior Court. Decision on special verdict, by Judge FLEMING, at May Term, 1857.

This was an action of trover, brought by Hiram Roberts, against Michael Boylan, for the recovery of a negro woman, slave, named Mary.

By consent of counsel, the jury found the following special verdict:

Hiram Roberts vs Michael Boylan, Chatham Superior Court, January Term, 1857.

We find that the negro woman, slave, named Mary, the subject matter of this suit, was by a bill of sale, duly made and executed by Joseph Story Fay, on the ———— day of ————, eighteen hundred and fifty-one, conveyed to Mrs. ———— Short, the wife of Adam Short. That on the 26th day of April, eighteen hundred and fifty-five, Adam Short being insolvent, made and executed a deed of conveyance to Hiram Roberts of all his property, for the benefit of all his creditors. That in the said deed of assignment, a number of negroes were mentioned and named. This negro woman was not named in the said deed of assignment. That all the negroes mentioned and named in the said deed of assignment

were taken possession of by the said Hiram Roberts, and after having been duly advertised, were publicly sold at the door of the Court House for the benefit of the creditors of the said Adam Short. That the negro woman slave, the subject matter of this suit, was not taken possession of by Hiram Roberts, but was left in the possession of the said Adam Short. That some time after the execution and record of the assignment, judgment was obtained against Adam Short, on the ———— day of ————, eighteen hundred and ———— judgment having been obtained in the City Court in favor of ———— against the said Adam Short, under an execution founded thereon the Sheriff of the City of Savannah levied upon the said negro woman slave, whom he found in the possession of the said Adam Short. That Hiram Roberts was notified of the said levy, and failed to put in a claim, but requested the Sheriff to leave the negro woman slave in the possession of the said Adam Short, and that he would be responsible for the forthcoming of the property at the time and place of sale. That after the same had been duly advertised for sale, the property was on the first Tuesday in February, eighteen hundred and fifty-six, produced at the court house by the said Adam Short, and was put up by the Sheriff at public sale. That Hiram Roberts was in the city of Savannah, and knew of the time and place of sale, but was not present at the sale, and gave no notice of any claim which he had to the said property. That Adam Short was present at the time and place of sale, and gave notice that the property was not his property, and a purchaser would buy at his own risk. The property being put up for sale, the said Adam Short bid upon the said property, and Michael Boylan being the highest and best bidder, the said property was knocked off to him at and for the sum of four hundred and sixty dollars, which sum was paid by him in cash to the Sheriff, and by the Sheriff paid over to the executions and judgments against the said Adam Short, according to their legal priority. We find the value of the said negro woman slave to be

four hundred and sixty dollars, and her annual hire, seventy-two dollars. We find a demand made by the plaintiff, and a refusal made by the defendant.

If, upon the foregoing state of facts, the defendant is entitled to hold the negro woman slave in a Court of Law or in a Court of Equity, then we find for the defendant.

If not, then we find for the plaintiff the sum of four hundred and sixty dollars, the, value of the said negro woman slave, and the sum of seventy-eight dollars for the hire of the said negro woman slave. The sum of four hundred and sixty dollars to be discharged if the negro woman slave is delivered to the plaintiff by the defendant within thirty days, after the decision of the Court is filed.

T. H. KREEGER, Foreman.

May 12th, 1857.

On motion and by consent, it is ordered that the legal questions on the above case, be argued at chambers, on five days notice to either party, and that judgment upon the decision of the Court, be entered up as of this term.

June 22d, 1857.

Afterwards, and after argument, his Hon. W. B. Fleming, pronounced his decision and ordered judgment to be entered for defendant.

To which decision, counsel for plaintiff excepted, on the following grounds :

1st. Because his Honor erred in deciding that the defendant was entitled to judgment.

2d. Because his Honor erred in deciding that the assignment from Short to Roberts did not convey the title of said slave to Roberts.

3d. Because his Honor erred in drawing inferences with reference to said assignment, not specified in the verdict.

4th. Because his Honor erred in holding that legal fraud might be inferred by the Court from the retention of posses-

Roberts vs. Boylan.

sion by Short after the assignment, no such fact having been found by the jury.

5th. Because his Honor erred in holding, that the acts of Roberts with reference to the sale of said slave, and his allowance thereof were such as to preclude him from the assertion of his rights against the defendant as purchaser at Sheriff sale.

LLOYD & OWENS, for plaintiff in error.

WARD, OWENS & JONES, for defendant in error.

*By the Court*—McDONALD, J. delivering the opinion.

[1.] The conveyance executed by Fay to Mrs. Short, vested the title in her husband, Adam Short. Adam Short being insolvent, conveyed to Hiram Roberts all his property for the benefit of all his creditors. The jury do not, in their verdict, set forth the deed of assignment, but they find that a number of negroes were mentioned and named in it, and that the negro woman Mary, was not named among them. The jury further find, that Hiram Roberts took possession of all the negroes mentioned and named in the said deed, and duly advertised and publicly sold them, at the door of the Court House, for the benefit of the creditors of Adam Short. He did not take possession of the negro woman Mary, but left her in the possession of the said Adam Short. The jury do not find that Mary was conveyed by the deed of assignment. They rather find in part, the contents of the deed of assignment. They do not set forth in their verdict, however, the names of the negroes mentioned in the deed, but content themselves with saying, that Mary's name is not among them, which fact would certainly have appeared negatively, if they had given the names. We hold, therefore, that, although the deed of assignment is general, of "all his property," the subsequent specification of a number of negroes by name in the deed, excludes from it, negroes who were not

named.   There are no general words at the close of the
enumeration, such as, "and all other  negroes  not mention-
ed," or "remembered," to give operation to  the deed  as  a
conveyance of all that  kind of property.   The  specification
is  restrictive of the general words.   The parties  themselves
so construed the instrument,  for Roberts took  possession  of
all the negroes named, and advertised  and  sold them.   He
did not claim Mary, although  he had  ample  notice that  she
had been levied on, and he  had  every opportunity to claim,
which is strong  evidence, of  itself, that  he  did not  feel  at
liberty to make the necessary affidavit.

[2.]  The claim of the defendant, is through the lien of the
judgment creditor, whose execution was levied on Mary, and
the title not having passed out of  Roberts by deed of assign-
ment, it  follows that  he  purchased the  title of  Short, the
debtor, which, for ought that  appears in  the  record, was  a
good one.   But the conveyance as between  Short and  Rob-
erts, may have been good and valid, and yet, upon the facts
found  by the  jury, the  judgment lien  of  the creditor, may
have attached to the property.   It makes no  odds  that  Rob-
erts was assignee for creditors.   Such assignments are not al-
ways exempt from fraud as to creditors, and like all other as-
signments, their validity  must be tested  by the principles  of
law applicable to their circumstances.   The  title of  the de-
fendant, as we have said, depends on the lien of the judgment
under  which he  purchased.  The  negro  woman  Mary, was
found in possession of the defendant, Short.   The conveyance,
under which the plaintiff claims, is an absolute  conveyance,
Mary is not named in it.   She was  left  by the  assignor, in
the possession of the defendant.   The  jury find  nothing in
their verdict,  explanatory  of  this  continued  possession.
Without an explanation, the right of  the judgment  creditor
to have his debt satisfied  from the  property, is  perfect, and
the plaintiff is concluded.   8 *Ga. Rep.,* 556.   This would
have been so had he claimed the property, and  it  is equally

Roberts vs. Boylan.

so, if he has elected not to claim, but to sue the purchaser for the property.

[3.] In another view of this case, the plaintiff cannot recover. The jury find, that if, upon the facts found in their verdict, the defendant is entitled to hold the negro woman slave, in a Court of Law or *in a Court of Equity*, then they find for the defendant. The property specified in the deed of assignment, was conveyed to the plaintiff, in trust, for all Short's creditors. He sold the property of which he took possession, and most assuredly, a Court of Equity would not allow him to recover, even from the debtor, property conveyed by the deed, and by him left in his possession, without accounting for the property which he confessedly received and sold. The verdict finds neither the amount of Short's debts, nor the amount of the proceeds of the sale, which went into the hands of the assignee, nor the distribution of the fund. It is not enough to say, that the record shows unsatisfied judgments, *non constat*, that if the property conveyed had been all sold and the proceeds applied according to the trust, there would have been unsatisfied judgments. But the verdict finds that Mary was sold for her value, that the money was paid and applied to the payment of executions and judgments against Short, according to their legal priority. The jury does not find that this payment was not in accordance with the stipulations of the deed of assignment. The debtor and the creditors have had the full benefit of the sale of this property, and there is no equity against the purchaser who has paid full value, nor in favor of the debtor or his creditors who have received the full value of the property. But, if the proceeds of the sale of the property were applied differently from the terms of the assignment, *a Court of Equity* would not allow a purchaser who was guilty of no fraud, and was without fault, to be prejudiced thereby. The facts were all known to the assignee, he knew of the sale and, of course, that the money went into the hands of the officer, and that being in the custody of the law, it was

subject to the order of the Court. He ought to have applied, then, for the distribution according to the agreement of the debtor and his creditors, as evidenced by the deed of assignment, if, according to that agreement, it was distributable differently from the manner the law would distribute it.

Upon the facts found by the jury, therefore, the defendant, in our judgment, is entitled to hold the negro woman slave Mary, according to the principles, both of law and equity, which apply to the case, and the judgment of the Court below is affirmed.

Judgment affirmed.