Booth and another *vs.* Stamper.

---

No. 14.—John T. Booth and another, plaintiffs in error, *vs.* Martin W. Stamper, defendant in error.

[1.] When an amendment is made to a bill before answer filed, even if it be immaterial and trivial, a defendant may demur, *de novo*, to the whole bill. Quere, as to the reasonableness of this rule.

[2.] When an amendment is made at any time to a bill, the defendant may demur to the amendment.

[3.] When an amendment is made to a bill after a demurrer made and decided, and answer filed, the defendant cannot demur again to the whole bill, unless the amendment is *material*.

[4.] An amendment is material when it so varies the case made in the original bill, as to change the complainant's equity.

[5.] To protect a bill from the charge of multifariousness, it is not necessary that the interest of the parties be the same as to all the matters embraced in the suit; it will be sufficient if they have a common interest in one or more, which are connected with the rest.

In Equity, in Talbot Superior Court. Decided by Judge IVERSON, March Term, 1851.

Jno. T. Booth and N. Rains filed their bill, alleging that Martin M. Stamper had an action of assumpsit pending in the Superior Court of Talbot County, against Booth, founded on a promissory note, the consideration of which, being money lost at play; that Booth filed this as his plea, and had a witness subpœnaed to prove it. A short time before the trial, Booth and Geo. W. Towns, counsel for Stamper, agreed to carry the cause by consent, to the appeal docket of the Superior Court. In consequence of this agreement, the witness was discharged, and Booth did not attend the Inferior Court. When the cause was called, the above agreement was denied, and the case pressed to trial; Booth and his witness both being absent. A verdict was obtained by Stamper; Booth was unable to give bond and security, so as to enter an appeal; and having filed his affidavit as a pauper, the appeal was dismissed, on the ground the Statute did not embrace this cause.

The execution issued on this judgment was levied on a negro purchased by N. Rains of Booth, to which negro, Rains entered his claim. The bill prayed for a new trial, and an injunction of the execution. To this bill, defendant answered, and upon the bill, answer, replication and proofs, at September Term, 1847, a decree was rendered for the complainant, from which, the defendant appealed. At September Term, 1848, a motion was made to dismiss the bill for want of equity, and because complainant had an adequate Common Law remedy; was sustained by the Superior Court; which decision on the writ of error filed in the Supreme Court, was reversed. See 6 *Geo. R.* 173.

After the case was remitted to the Superior Court, the com-

Booth and another *vs.* Stamper.

plainants amended their bill, by leave of the Court, stating " that the fact of the note being given for a gaming consideration, could be proved by one John Jose, a credible witness, within the jurisdiction of the Court."

After the amendment was filed, defendant's counsel demurred to the bill as amended.

1st. For want of equity.

2d. Multifariousness.

3d. Misjoinder of complainants.

4th. Complete remedy at Law for Rains.

5th. That Booth had an adequate remedy by *certiorari*, lost by his *laches.*

Complainant's solicitors protested against joining issue on demurrer, on the ground that all these matters were *res adjudicata.* The Court overruled the protest, and this decision is assigned as error.

The Court sustained the demurrer on the second and third grounds, and dismissed the bill, and this decision also, is assigned as error.

B. HILL and COLQUITT, for plaintiffs in error.

L. B. SMITH and BENNING, for defendant.

*By the Court.*—NISBET, J. delivering the opinion.

The protest of the plaintiff in error, against joining in the demurrer, ought to have been sustained. A motion had been made previous to the last amendment to the bill, to dismiss it *for want of equity, and because the complainant had an adequate remedy at Law.* This motion was in effect, a demurrer. The presiding Judge sustained the motion and dismissed the bill— the complainant excepted, and this Court reversed the judgment of the Court below—holding that the complainants had not an adequate remedy at Law, and that it was a case of equitable jurisdiction. By reference to the case as reported, it will be seen that the motion was to dismiss the bill, " on the ground

that there was no equity therein, and that the complainants had a complete remedy at Law." 6 *Geo. R.* 173. And by reference to the opinion of this Court, reversing the judgment of the Court below, on that motion, it will be seen that we held this language : " for the reasons already stated, the Common Law Court in which the case was pending, could not afford the complainant adequate relief, and in our judgment, the facts in this case afford *strong grounds* for the equitable interposition of a Court of Chancery to grant a new trial, so as to place the parties back in the same position they were before the judgment was rendered against the defendant, in the Inferior Court." 6 *Geo. R.* 177. The second demurrer, (the judgment sustaining which, is under review,) was upon the following grounds.

1st. For want of equity.

2d. Multifariousness.

3d. Misjoinder of complainants.

4th. A complete remedy at Law for *Rains.*

5th. That *Booth* had a complete remdy at Law by *certiorari,* which he lost by his laches.

Now, all these grounds, except that of *multifariousness* and *misjoinder of parties,* are covered by the judgment of this Court in the previous case. The record of that case does not show that the question of multifariousness, or of the misjoinder of parties, was discussed or decided, yet it is not clear but that they were. As the grounds of the motion, however, are expressed, to wit: want of equity in the case made, and the adequacy of the complainant's Common Law remedy; we concede, that these two grounds were not decided. All the other grounds were decided, for they all go upon the want of equity and the adequacy of the complainant's remedies at Law. So far then, as these grounds are concerned in the second demurrer, the protest ought to have been sustained ; (indeed, was sustained by Judge *Iverson,* for he decided in favor of the demurrer, only upon the grounds of multifariousness and improper joinder of parties, upon the doctrine of *res judicata.*)

But it is clear to us, that the protest of the plaintiff in error ought to have been sustained, as to *all* the grounds taken in the

Booth and another *vs.* Stamper.

demurrer, upon other and independent principles. A second demurrer to the same bill is not, as a general rule, allowable. Upon the argument of a demurrer, any cause of demurrer, although not shown in the demurrer as filed, may be alleged at the bar, and if good, it will support the demurrer. If a party defendant were allowed to demur after a previous demurrer has been overruled, it would be a re-hearing of the case, on the grounds of the previous demurrer. *Story's Eq. Pl.* §460. *Mitf. Eq. Pl. by Jeremy*, 216, 217. *Cooper's Eq. Pl.* 115, 116. *Mont. Eq. Pl.* 112, 113. *Baker vs. Ellish*, 11 *Ves.* 70. *Brown's Ch. Rep.* 66. 1 *Smith's Ch. Pr.* (*new edition*) 213, 214.

[1.] In reply to this, it is said that whilst this is true generally, yet after amendment to a bill, the defendant may again demur to the original bill as amended, and that this may be done after a demurrer to the original bill has been overruled. It is further said, that this is the rule, even if the amendment is of the most immaterial and trivial character. There being an amendment in this case, the defendant in error claims, under these views, the right to demur to the whole bill, *de novo.* These propositions I concede, are sustained by authority. *Daniel's Ch. Pr.* 650. 2 *Brown's C. C.* 66. 2 *Dick.* 672, §6. 1 *Hoff. Ch. Pr.* 216, 217. 4 *Sim.* 573. *Ibid*, 226.

[2.] Now when the plaintiff is allowed to amend, it is clearly right that the defendant should be entitled to demur to the amendment, and if the amendment is material, that is, if it varies the case made in the original bill, it is equally clear that the defendant ought to have the right to demur to the bill as amended, even if he has once demurred and been overruled. I see the most satisfactory reasons for all this, but I must say, that I see no good reason for allowing a second demurrer to a bill, because an immaterial and trivial amendment has been made. If the amendment does not change at all the case made, if the complainant's equity remains the same, and the defendant may demur again to the whole bill, then I see no value in the rule *stare decisis*, or in the conservative power of the doctrine of *res judicata.* The unreasonableness of the thing is conspicuously manifest in this case, as we shall see.

**VOL X** 15

[3.] However, the right to demur a second time to the whole bill, upon amendment made, applies to cases when the amendment is made and the demurrer filed, before the answer is put in. For it is also a general rule of Equity practice, that a defendant cannot, after he has answered the original bill, if the plaintiff amends it, put in a general demurrer to the whole bill, because the answer will overrule the demurrer. If, however, the defendant has answered the original bill and an amendment has been made, which *materially varies* the case made against the demurring party, he will be entitled to demur to the whole bill as amended, even although he may have demurred to it unsuccessfully before amendment. 1 *Daniel's Ch. Pr.* 468. 3 *M. & C.* 653. *Atkinson vs. Haneway,* 1 *Cox,* 360.

This is the rule of the English Chancery, and is applicable to a case situated as this is. Our third rule of Equity practice, that a party may plead, answer and demur, all at the same time, and that the answer and plea shall not overrule the demurrer, does not annul it. Ours is a rule of convenience and intended to expedite the cause. Pleas, answers and demurrers may be filed together without prejudice to the demurrer. They are still to be considered in the usual order of Equity pleadings. A defendant cannot, at the trial, rely upon his answer and insist upon his demurrer. The demurrer, unless abandoned, must be heard first, and if decided against the defendant, the answer precludes him as to the demurrer. We are now, however, considering a case where there was a demurrer and an answer filed, the demurrer heard and overruled, and the issue joined on the answer. *There* the defendant (an amendment being made) claims the right to demur again. In such a case, we say the third rule in Equity has no application, except to the amendment itself; doubtless as to *that,* he may again plead, answer, and demur, and according to the rule. Or, if the amendment is *material,* he may, no doubt, under our rule, plead, demur, and answer, *de novo,* to the whole bill. But if it is *immaterial,* he cannot demur to the whole bill. Having been heard once on demurrer, he must abide his answer. That will, in that event, overrule any subsequent demurrer, the moment it is filed.

[4.] It remains to consider the materiality of this amendment. If it was immaterial, a previous demurrer having been put in, and the answer filed, the defendant had no right to be heard upon demurrer to the original bill a second time, upon *any ground.*

In the bill, it is charged that the note was given for a gaming consideration. The complainant, it is also charged, was prevented from availing himself of this defence at Law, by the fraud and bad faith of the plaintiff at Law, and his counsel. The bill asks a new trial and an injunction of the judgment obtained against the complainant. It is further alleged in the bill, that the complainant will be able to prove the consideration of the note, by a man named *Ferrell.* The amendment is, *that he will be able to prove the consideration of the note by another witness in life, and residing within the jurisdiction of the Court, named Jose.* This is the whole of the amendment. It gives no new phase to the bill. If true, it adds nothing to the equity of the bill. The equity is as strong with, as without it. That the complainant could prove the consideration of the note, was an indispensable averment. That averment was in the bill before the amendment. If the bill was demurrable after the amendment, it was equally so before it was added. If the demurrer was unsustained with the amendment, it was equally so without it. It adds no new fact—involves no new principle of law—neither increases nor diminishes the grounds of equitable interference. It is only cumulative as *to a fact* already in the bill. If the complainant is entitled to a decree, with the amendment, he is equally entitled to it without, for if the fact of illegal consideration be proven by one witness, it is in law, effectually proven. There is no pretence that the witness named in the original bill, is not wholly unimpeachable. With that, however, for the purposes of this inquiry, we have nothing to do. It suffices that in the original bill, it is charged that the illegal consideration could be proven, and the name of the witness given. This amendment seems to have been made out of abundant caution, and in the sense of the rule, is immaterial. There had been in this case, a demurrer, the answer filed with a replication, trial, judgment, and appeal. To permit the defendant again to demur to the

Booth and another *vs.* Stamper.

whole bill, upon such an amendment as this, would be altogether indefensible.

[5.] If we were thrown upon the merits of the decision made by the presiding Judge, dismissing this bill for multifariousness and improper joinder of the parties complainants, we would be compelled to reverse it. It is scarcely possible, in most cases, to draw a sensible distinction between a case bad for multifariousness, and one bad for a misjoinder of parties. If the bill is multifarious, there is always improper joinder of parties, and in most cases, where there is an improper joinder of parties, the bill is multifarious. The questions practically for the most part, are one and the same. It is so here. *Rains* is clearly not a necessary party. *Booth* would be entitled to a decree, if at all, without him. This bill, without *Rains*, would not be demurrable because he was not a party. But he may not be a necessary party, and yet a proper party. He is a proper party, unless the bill is obnoxious to the charge of multifariousness. This ground of demurrer is not favored in the books. Equity, it is true, will not permit one man to drag another, not interested in the subject matter of his litigation, before its bar, there to abide delay, costs and vexation. Yet, on the other hand, it delights in comprehensive justice; it abhors a multiplicity of suits, and will bring into Court, all who have an interest in the subject matter of a suit, and in *one decree* determine their rights.

Without traversing the almost interminable line of the books upon the subject of multifariousness, it is enough to say, that this Court has laid down some rules which settle this question. One is, that it is not necessary that all the parties should have an interest in all the matters contained in the suit. Another, that it will be sufficient if each party has an interest in some one or more matters involved in the suit, which are connected with the rest. By these rules this bill is not multifarious. *Rains* may be said to have an interest really, in all herein involved. The object of the bill is a new trial and a perpetual injunction of the judgment. He is not immediately interested in the new trial, but he is remotely, since, if there is a new trial decreed and a reversal of the judgment, thereby his title to the slave levied on,

will be quieted. But he is interested in enjoining the judgment. The bill charges it to be void for fraud—it is proceeding against his property, and he is, as well as *Booth*, interested in having it set aside or perpetually enjoined. Here is a common interest. Both complainants are warring against a void judgment. One because it is against him, and the other because it is seeking satisfaction out of his property. This matter of injunction is connected with the other· matter in the bill, to wit: a new trial. The judgment springs from a fraudulent trial, and it will receive its quietus from a new trial. A decree that this judgment and execution be enjoined, will, even if in general terms, protect both the complainants. So far as . regards the injunction, the cause of complaint made by *Booth* and by *Rains*, is not distinct, but the same, and the bill, in our opinion, is not multifarious. Reversing the judgment below, it is not necessary to remark upon the demand made by the plaintiff in error to amend his bill, to obviate the effect of the ruling of the presiding Judge on the demurrer. 5 *Geo. R.* 573. 8 *Ibid*, 238.

Let the judgment be reversed.