WILLIAM J. REESE, et al., plaintiffs in error, vs. JOHN W. SHEPHERD, executor, defendant in error.

The second original of a declaration against two persons, was served only thirteen days before Court.
*Held*, That the suit became a nullity, under the 8th section of the Judiciary Act of 1799.

Complaint, in Sumter Superior Court.    Decision by JUDGE ALLEN, at September Term, 1858.

This was an action by John W. Shepherd, executor of Andrew H. Tarver, deceased, against William J. Reese, of Sumter county, and William M. Brown, of the county of Marion, on a promissory note.

The orignal petition was filed in the office of the Clerk of the Superior Court, February 17th, 1857, and process issued, requiring the defendants to appear at the Superior Court in and for the county of Sumter, on the second Monday in March next, thereafter; Reese was served on the 21st February, 1857, by the Sheriff of Sumter county. The second original for Marion county issued, and was served on Brown the 24th February, 1857.

The Superior Court of Sumter county, to which the defendants were required to appear, commenced its session the

9th March, 1857, and service on Brown, was therefore only thirteen days before the Court to which the suit was returnable.

At September Term, 1857, plaintiff took a verdict and entered up judgment, upon which a *fi fa.* was issued, and levied on the property of Reese, who filed an affidavit of illegality on the ground, that Brown, his co-defendant was not served in time. The Court sustained the illegality, but held that the writ was returnable to September Term, 1857, and passed an order, that the verdict and judgment be set aside, and the case stand for trial at September Term, 1858.

At this, the September Term 1858, defendants moved to dismiss the action, on the ground of want of service in time as above stated.

The Court refused the motion, and plaintiff had a verdict, and defendants excepted.

McCay & Hawkins, for plaintiff in error.

L. R. Redding, *contra.*

*By the Court.*—Benning, J. delivering the opinion.

The Statute says, "And if any such process shall be delivered to the Sheriff, or other officer, whose duty it shall be to execute the same, so late, that it cannot be served in manner aforesaid, twenty days before the sitting of the Court to which it shall be returnable, such process shall not be executed, but the officer shall return the same with the truth of the case." *Pr. Dig.*, 420.

*Shall not be executed*—these are the peremptory words of the Statute.

The Statute, then goes on to say, that "all process issued and returned in any other manner than that" therein before "directed shall be" "null and void."

These latter words, then, apply to this case, and when they do apply to a case, they render the whole proceeding a nulli-

ty. So it has ever been held. See *Ingram vs. Little,* 16 *Ga. Rep.,* 194.

This case is much stronger than that, for in this, there was no appearance by the defendants.

But I must say, that, I think, if there is one Statute that needs amendment, it is this one in relation to the issue and return of process.

We regret being compelled, as we think, we are, to reverse the judgment.

Judgment reversed.

McDONALD J. absent.