JACOB L. COBB, plaintiff in error, *vs.* A. J. PITMAN, defendant in error.

An affidavit of illegality to an execution from Whitfield Superior Court, in which the defendant alleged that he was never served with any process and copy of the declaration in the suit upon which said judgment was rendered; that he was, at the time said action was commenced and up to the date of the judgment, a resident of the county of Randolph and not of the county of Whitfield, was properly dismissed on demurrer, as it failed to disclose that he had not acknowledged service of the declaration and process, and that he had not appeared and pleaded to the merits.

Illegality. Service. Judgment. Before Judge McCUTCHEN. Whitfield Superior Court. April Term, 1873.

For the facts of this case, see the decision.

Cobb *vs.* Pitman.

D. A. WALKER, by brief, for plaintiff in error.

J. A. R. HANKS, for defendant.

WARNER, Chief Justice.

This was an affidavit of illegality to an execution, the defendant alleging therein that he was never served with any process and copy of the declaration in said case, that he was at the time said suit was brought and up to the time the judgment is claimed to have been rendered, a citizen of Georgia, residing in the county of Randolph, in said State, and not in the county of Whitfield, and the Superior Court of the county of Whitfield had no authority to render such a judgment against him. The plaintiff demurred to the affidavit, which demurrer was sustained by the Court, and the defendant excepted. The 3621st section of the Code declares that, if the defendant has not been served and does not appear, he may take advantage of the defect by affidavit of illegality, but if he has had his day in Court, he cannot go behind the judgment by an affidavit of illegality. To enable the defendant, by an affidavit of illegality, to go behind the judgment under this provision of the Code, he should not only swear that he was not served with a copy of the declaration and process in the case, but should also swear that he did not appear in the case and have his day in Court before the rendition of the judgment against him. Although he may not have been *served* with a copy of the declaration and process, still, he may have waived the same by an acknowledgment of service, or he may have *appeared* and pleaded to the merits of the case, as provided by the 3409th section of the Code, and thus have had his day in Court. Besides, the defendant might have been sued in the county of Whitfield, notwithstanding he resided in the county of Randolph, if he was a co-partner, or joint obligor, or joint promisor, with one who did reside in the former county, or if he was an indorser of a promissory note, the maker of which resided in Whitfield county, and if so sued

in Whitfield county, and pending the suit the other party had died, the plaintiff suggesting his death on the record, might have obtained the judgment against the defendant as provided by the 3396th section of the Code.

The allegation that the Superior Court of the county of Whitfield had no authority to render a judgment against him, was a conclusion of law, which it was not competent for the defendant to decide for himself. When a judgment is rendered by a Court of competent jurisdiction, the presumption of the law is that it was rightfully rendered, unless the contrary appears on the face thereof. When a defendant seeks, by an affidavit of illegality, to go behind the judgment, and attack it on the ground that he has not had his day in Court, or that the Court in rendering the judgment had no jurisdiction of his person for that purpose, as prescribed by law, he should clearly and fully comply with the provisions of that section of the Code which authorizes him to do so. In our judgment, there was no error in sustaining the demurrer to the defendant's affidavit of illegality in this case.

Let the judgment of the Court below be affirmed.