JOHN J. HOOD, plaintiff in error, *vs.* DAVID P. POWERS, defendant in error.

Under the Code, section 3339, service is required to be effected at least fifteen days before the first day of the term. If effected on Monday, the fourteenth day, it is so far irregular that a motion made by the defendant, at the appearance term, to dismiss the case for want of due service, ought to be granted; especially where the process bears date more than twenty days before the term, and where there is nothing to show that it was not received by the sheriff more than five days preceding the date of service.

Service. Practice in the Superior Court. Before Judge BUCHANAN. Coweta Superior Court. March Term, 1876.

Reported in the opinion.

W. A. TURNER, by JOHN S. BIGBY; A. D. FREEMAN, for plaintiff in error.

J. B. S. DAVIS, for defendant.

Hood *vs.* Powers.

BLECKLEY, Judge.

Declaration was filed December 27th, 1875.    Process issued the same day, returnable to March term, 1876, of Coweta superior court.    At what time the papers were received by the sheriff for service does not appear.    Service, as shown by the official return, was made on the 21st of February.    This was Monday, and the term of the court to which the process was returnable commenced on Monday, the 6th of March. Counting time in the usual mode, the service was but fourteen days before the appearance term.    At that term, the defendant, by his counsel, moved to dismiss the case for want of legal service, and the motion was denied.    As the law stood when the Code took effect, the service would have been sufficient.    The act of 1799 (Cobb's Digest, 471,) required service at least twenty days before the term.    The act of 1829 reduced the time to seventeen days: *Ibid.*, 472–3.    Both these acts required process to issue twenty days before the term. Then came the act of 1856, (pam., p. 136,) which declared that the sheriff should "be allowed, for the purpose of serving all writs or declarations at common law, or bills of equity, five days after the time now fixed by law for filing the same in the clerk's office."    As there was no time for filing expressly prescribed, the last day for issuing process, was, of course, the latest day for filing, and might be regarded as the time "fixed by law."    Accordingly, it was held by this court, in construing the act of 1856, that the act allowed, for serving declarations at common law, five days after the twentieth day preceding the term: 33 *Georgia Reports*, 146.    This interpretation of the act brought its provisions in necessary conflict with the act of 1829, for out of twenty days it would be impossible to allow the sheriff five and still have service seventeen days before the term.    It followed that there was a repeal of the act of 1829, *pro tanto*, by implication, and that the only law which remained of force, regulating *the time of service*, was the act of 1856.    While this act was operative, any service was legal, in respect to time, which was compati-

ble with allowing the sheriff five days, and only five days, after what we usually call "return-day." The necessary inquiry in any case was, did the sheriff serve before the five days allowed him had expired.

In two cases which arose under that act, the question was presented, whether these five days were inclusive or exclusive of the Sunday immediately following the fourth day; and in both it was held that they were exclusive—that is, that the sheriff was entitled to five secular days, skipping, to reach the fifth, from Saturday to Monday: 23 *Georgia Reports*, 49; 33 *Ibid.*, 146. Had the law remained as it was at the time of these two decisions they would have controlled the present case. But the Code (section 3339) changes the law in two respects; it requires the sheriff to serve within five days *after receiving the papers*, and it requires him to serve at least fifteen days before the first day of the term. The former of these provisions is, doubtless, directory, so that service not made within the five days would be good if the other more important provision were complied with, namely, if the time of service were at least fifteen days before the term. Section 3343 makes it the sheriff's duty, in case process is delivered to him too late for service within the time specified, to return the same with an entry stating the fact. This must mean that when it is too late for him to serve full fifteen days before the term, he is not to serve at all. Section 4, paragraph 8, of the Code, declares: "When a number of days is prescribed for the exercise of any privilege or the discharge of any duty, only the first or last day shall be counted; and if the last day shall fall on the Sabbath, another day shall be allowed in the computation." It is easy to see that this section does not qualify that part of section 3339 which requires the service to be consummated at least fifteen days before the term; or if it does, that its operation is to add to, and not substract from, the number of days specified. There is little probability that, where Sunday intervenes, the Code intended to take a day away from a party and give it to the sheriff. There is no declaration that the sheriff is to have at least five

days, whereas, the language is express, that the defendant shall have fifteen *at least.* But we confine our judgment in the present case to the special facts before us, and do not wish to be understood as positively deciding anything more than appears in the head-note.

Judgment reversed.