## SOLOMON *vs.* NEWELL.

1. Where regular and legal process, issued from the superior court, is personally served on a defendant fourteen days before the return term, he may demand the full fifteen days, and the case will be dismissed, or proper amendment and service made; but if the defendant fails to appear, after verdict and judgment, the proceedings will not be held to be a nullity.

    CRAWFORD, Justice.

2. If a plaintiff in a claim case rests his case upon a void *fi. fa.*, the levy should be dismissed. The case having been submitted to the court without a jury, it was error to find the property not subject.

Solomon *vs.* Newell.

Judgments. Nullities. Jurisdiction. Claims. Service. Practice in the Superior Court. Before Judge SIMMONS. Houston Superior Court. April Term, 1881.

This was a claim case submitted to the presiding judge to be decided without the intervention of a jury, on the following agreed state of facts:

The writ was filed and process issued July 25th, 1866, to August term, 1866, Houston superior court, which convened August 20th, 1866. The following was the entry of service

"Served each of defendants personally with a copy of this writ, August 6th, 1866. JOHN SMITH, *Sheriff*."

Defendants did not appear or plead. At the trial term there was a regular verdict and judgment, upon which a *fi. fa.* issued, and was levied upon the lands of defendant's intestate, which were claimed by the widow of defendant's intestate as a homestead assigned her under the constitution of 1868. The property levied on comprised the whole estate of defendant's intestate. On the trial the presiding judge found for claimant, and a judgment was entered. Plaintiff made a motion for new trial on the several grounds of the verdict being contrary to law and the evidence, and excepted to the judgment refusing it.

DAVIS & RILEY; HALL & SON, for plaintiff in error.

H. M. HOLTZCLAW; R. N. HOLTZCLAW, for defendant.

CRAWFORD, Justice.

This was a claim case tried by the judge upon consent, who found the property not subject to the *fi. fa.* The question upon which the case turned was, whether a judgment is void where there was personal service upon the defendant only fourteen days before the court to which the writ was returnable, and to which the defendant neither appeared nor answered.

The process of the court required the defendant to appear and answer to the plaintiff's complaint in an action of debt at the August term, 1866, of Houston superior court. It was dated July 25th, and the term began August 20th, being twenty-six days before the session of the court; and he was personally served, though not fifteen days as required by law. This failure to serve in time, gave him the right to claim the benefit of fifteen days' notice, before he could be compelled to plead or answer But that it gave him the right to disregard it entirely, and allow the case to proceed as regular, in the matter of service, I cannot agree. Had he appeared and demanded his right to the fifteen days in which to plead, then the case would have been dismissed, or else the court would have granted further time to perfect the service and made the succeeding term the appearance term of the case.

This view accords with the case of *Hood vs. Powers*, 57 *Ga.*, 244, as to the defendant's appearance.

Having been served with a regular and legal process, by the regular and legal summoning officer of the court, he was bound to take due notice of the courts process, and to appear and defend himself against any irregularity in the service, and to demand his full fifteen days in which to plead. The court had regular jurisdiction of the subject matter, and jurisdiction over the defendant, though as to him it was irregular jurisdiction, yet it was his duty, if he desired to have the irregularity corrected, to move that it be done at the time to which he had been irregularly summoned to appear.

It is maintained, however, that the entire proceedings were void because of the failure to serve the defendant fifteen days before the court. And it is analogized to the decisions touching judgments rendered by the justices of the peace, when their courts were held at irregular periods. The difference between the cases is, that the latter are courts of special and limited jurisdiction, whilst the former are courts of general and unlimited jurisdiction.

But again, it is insisted that the cases *Smith vs. Bryan*, 60 *Ga.*, 628, and *Dugan vs. McGlaun, Ib.*, 353, are sufficient authority for declaring this judgment void. In the first case the service was in neither of the modes pointed out by law, but by leaving a copy summons at the store of defendant; besides it was a case before a justice of the peace.

The latter is a decision pronounced by Chief Justice Warner, and in which he says that it is by no means clear that such a judgment, so obtained, would not be void for want of service, but although he strongly intimates such an opinion, he only puts it in the form of a query. Whilst my own opinion is fixed and clear, that it does not make the judgment void, yet my brethren not being satisfied on the point, we do not so decide, especially as we all concur in the opinion that the judge below committed error in finding for the claimant, instead of that, under the evidence, the levy should have been dismissed.

Judgment reversed.