LeMASTER, executor, *v.* ORR *et al.*, executors.

1. Jurisdiction to render a judgment may be acquired by serving the defendant with the process of the court in which the case is pending, by his appearing in person and pleading, or by the appearance of some one authorized by the defendant who does so appear and plead for him; hence, when a judgment is attacked by affidavit of illegality alleging want of jurisdiction of the person of the defendant, because he had not been served, and had neither appeared and pleaded nor authorized another to do so for him, it is incumbent on him, in order to sustain his illegality, to prove affirmatively the truth of all these allegations.
2. Where an affidavit of illegality assails the judgment upon the ground of a want of jurisdiction of the defendant, and there are other grounds, embraced in the same affidavit, which raise other questions, there is no abuse of discretion upon the part of the trial judge in directing a separate issue to be formed and first tried upon the ground calling in question the jurisdiction of the court.
3. Except as above indicated, no question is presented by the bill of exceptions with sufficient clearness to enable this court to consider whether or not, in the rulings complained of, the court committed error.

Argued June 22-23, — Decided July 10, 1897.

Affidavit of illegality. Before Judge Hutchins. Jackson. superior court. August term, 1896.

*E. C. Armistead* and *W. I. Pike*, for plaintiff in error.

*Alexander S. Erwin* and *Robert S. Howell*, contra.

SIMMONS, C. J.   W. N. LeMaster interposed an affidavit of illegality to the levy of an execution against him as executor of W. A. LeMaster, deceased.   One of the issues made by this affidavit was, "that defendant had never been served nor acknowledged service or waived copy or process of the petition, by himself, agent or attorney, nor appeared and pleaded or authorized any one else to do so for him."   The court directed that this issue be tried separately, and to this direction the defendant in fi. fa. excepted, assigning the same as error. On the trial of this issue, the plaintiffs in fi. fa., J. M. & W. C. Orr, executors of J. G. McLester, introduced in evidence the fi. fa. levied upon the land.   The defendant introduced the original petition and process, copy note, and the judgment of the court on which the fi. fa. issued; and from these it appeared that the suit was brought on an unconditional contract in writing, that there was no issuable defense filed on oath, and that the judgment was rendered by the court without the intervention of a jury.   The parties offering no other evidence, the court, on motion of the plaintiffs and over objection of the defendant, directed the jury to find the issue for the plaintiffs.   To this direction also the defendant excepted and assigned it as error.   An amendment was offered by the defendant, and the court required him to make an affidavit that he did not know of the existence of the facts contained in the amendment at the time he filed the original affidavit.   This ruling was excepted to and assigned as error.   After the issue above described had been found for plaintiffs in fi. fa., the court on motion dismissed both the original and amended affidavits of illegality, on the ground that they were insufficient in law.   To this defendant excepted and assigned the same as error.

1. Jurisdiction to render a judgment may be acquired by serving the defendant with process of the court in which the case is pending, by his acknowledging service and waiving copy

and process, by his appearing in person and pleading to the merits of the case, or by the appearance of some one lawfully authorized by him who does so appear and plead for him. Where a judgment has been rendered by a court of general jurisdiction, all the presumptions are in favor of the regularity of that judgment, and therefore where a judgment rendered in the superior court is attacked by affidavit of illegality and the execution issued thereon sought to be resisted upon the ground that the defendant had not had his day in court, the burden is upon such defendant to plead and prove, not only that he was not served in the manner pointed out by law, but also that the court did not acquire jurisdiction of his person by an acknowledgment of service and waiver of copy and process, by his appearing in person and pleading, or by the appearance of some one lawfully authorized who does so appear and plead for him. In the present case there was proof of a want of service, but no evidence that the defendant did not appear and plead either in person or by attorney. The affidavit was, therefore, not sustained by sufficient proof, and the court properly directed a verdict against the defendant on this issue. *Cobb* v. *Pittman,* 49 *Ga.* 578.

2. There was no abuse of discretion upon the part of the trial judge in directing a separate issue to be formed and first tried upon the ground of the affidavit of illegality which called in question the jurisdiction of the court over the person of the defendant. While the same affidavit assailed the judgment upon other grounds which raised other questions, the decision of this one in favor of the defendant would have been conclusive of the whole case and must have resulted in sustaining the affidavit. If this ground of the affidavit had been well founded and could have been sustained, it would have been obviously useless to have considered the other grounds at all. We think that in the present case the separation of this issue from the others was good practice; but even were this not true, it is not a matter in which this court will control the discretion of the trial judge.

3. As to whether the court below should have required the defendant to make affidavit that, at the time he filed the original affidavit, he did not know of the existence of the facts

contained in the amendment offered, it is unnecessary here to decide. Complaint is made of this ruling, but inasmuch as the defendant did make the affidavit in question, a decision of the question here can neither help nor hurt him in this case.

The other questions, involving the dismissal on motion of the original and amended affidavits of illegality as insufficient in law, are not presented with sufficient clearness to enable this court to consider whether or not, in the rulings complained of, the court committed error. The grounds of the affidavit are so vague, indefinite and confused, that we can not determine the question of their sufficiency in law.

*Judgment affirmed. All the Justices concurring, except Cobb, J., disqualified.*