## 23247. OLIVER *v.* RUTLAND.

STEPHENS, J. 1. Where the levying officer's entry of levy on an execution describes the property levied on and recites that it was levied on as the property of the defendant and was found in his possession, an affidavit of illegality to arrest the levy, filed by the defendant in execution, which contains an identical description of the property as described in the execution, and recites that the execution has been levied on the property and is proceeding illegally, is not defective because of a failure of the defendant to allege specifically that the property levied on belonged to him. *Wactor* v. *Marshall*, 102 *Ga.* 746 (29 S. E. 703).

2. It is not essential to the jurisdiction of the court over a defendant that he be served with the petition and process. The court may acquire such jurisdiction by an acknowledgment of service of the petition and process, or a waiver thereof by the defendant, or by a voluntary appearance of the defendant by pleading and answering the suit, or by any of these acts done by some one legally authorized by him to do so. *Cobb* v. *Pitman*, 49 *Ga.* 578; *Jordan* v. *Carter*, 66 *Ga.* 254; *LeMaster* v. *Orr*, 101 *Ga.* 762 (29 S. E. 32). An affidavit of illegality which avers only that the levy is proceeding illegally because the defendant in execution was never served with a copy of the petition and process, and no entry of service of process appears, and which contains no averment that the defendant or some one by him legally authorized to do so never acknowledged service of the petition or the process, never waived service, and never voluntarily appeared and filed a plea and answer in the case, is insufficient on its face as an allegation that the court had no jurisdiction of the defendant, and that the judgment was for that reason void.

3. The court erred in not sustaining the demurrer to the affidavit of illegality. *Judgment reversed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED JANUARY 24, 1934.

*Butler & McCollister, Durwood T. Pye,* for plaintiff.
*Mitchell & Mitchell,* for defendant.