23452. RAGAN *v.* SMITH.

SUTTON, J. A judgment was rendered against a partnership, and execution, directed against the partnership, was levied upon certain lands as the property of the partnership. The affiant, one of the partners, interposed his affidavit of illegality, in which he set up that the execution was proceeding illegally because the title to the property levied upon was in him, and that his individual assets were not subject to a judgment against the partnership, in that he had not had his day in court, was not served with a copy of the suit, and did not appear and defend the action in his own behalf. The court dismissed the affidavit of illegality upon oral motion. To this judgment the affiant excepts. *Held:*

1. The title to the property levied upon is not involved in illegality proceedings. *Harris* v. *Woodard,* 133 *Ga.* 104 (65 S. E. 250). An affidavit of illegality is a remedy which lies in favor of the defendant in execu-

tion; and if filed by one who is not the defendant in fi. fa., but who claims ownership of the property, it will be dismissed. *Clinch* v. *Ferrill*, 48 *Ga.* 365; *Artope* v. *Barker*, 72 *Ga.* 186; *State* v. *Sallade*, 111 *Ga.* 700 (36 S. E. 922); *Leitch* v. *Dublin*, 160 *Ga.* 691 (128 S. E. 889); Civil Code (1910), § 5305. In such a case, a claim may properly be interposed by the party claiming title to the property levied upon. *Eslinger* v. *Herndon*, 158 *Ga.* 823 (124 S. E. 169).

2. Moreover, where a partnership is sued and service is had upon the partners themselves, or they appear and defend in behalf of the partnership, the individual property of the partners, as well as the partnership assets, is subject to levy of the execution issuing on such a judgment. Civil Code (1910), §§ 3167, 5591, 5592; *Higdon* v. *Williamson*, 10 *Ga. App.* 376 (73 S. E. 528); *Connor* v. *Hodges*, 7 *Ga. App.* 153 (66 S. E. 546); *Ells* v. *Bone*, 71 *Ga.* 466; *Carter* v. *Smith*, 5 *Ga. App.* 804 (63 S. E. 932). Properly construing the allegations of the affidavit of illegality in this case, which must be construed most strongly against the affiant, they do not show that the affiant did not appear in court and defend the case against the partnership in behalf of the partnership. If he did this, then he would have waived service upon him, and a judgment could be rendered which would be binding upon his individual property. *Render* v. *Hartford Fire Ins. Co.*, 33 *Ga. App.* 722 (127 S. E. 902).

3. It follows that the court did not err in dismissing the affidavit of illegality. *Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED APRIL 7, 1934.

*B. P. Jackson*, for plaintiff in error.
*H. A. Hodges, Saffold & Sharpe*, contra.

