GREEN, administratrix, *v.* SPIRES *et al.*

No. 13117. FEBRUARY 24, 1940.

*Edward F. Taylor* and *Alex S. Boone Jr.*, for plaintiff.

*Victor Davidson*, for defendants.

JENKINS, Justice. 1. "While it is the rule that 'a judgment overruling a general demurrer to a petition, unless excepted to and reversed, is an adjudication that the petition sets forth a cause of action, and the court may not by indirection deprive the plaintiff of the estoppel he is entitled to urge as against the defendant' (*Turner* v. *Willingham*, 148 *Ga.* 274 (2), 96 S. E. 565, and cit.; *Roles* v. *Edwards*, 49 *Ga. App.* 527, 176 S. E. 106, and cit.), it is also the rule that 'an amendment to a petition which materially changes the cause of action, made at any stage of the case, opens the whole petition to demurrer at that time. Aliter, when the amendment makes no material change in the cause of action.' *Kelly* v. *Strouse*, 116 *Ga.* 872, 879 (43 S. E. 280) ; *Robertson* v. *Tallulah Falls Ry. Co.*, 29 *Ga. App.* 530 (116 S. E. 65). Accordingly, where the plaintiff filed an amendment materially changing the nature of her petition, . . by setting forth new facts, grounds, and prayers for equitable relief, . . the previous judgment overruling a general demurrer to the original petition did not preclude the defendant from demurring generally to the petition as amended, or render the former judgment conclusive against her as to the existence of a right of action." *Tingle* v. *Maddox*, 186 *Ga.* 757 (2) (198 S. E. 722) ; *Booth* v. *Stamper*, 10 *Ga.* 109 (2), 113; Code, § 81-1312. See also *Gibson* v. *Thornton*, 107 *Ga.* 545 (2), 560 (33 S. E. 895). The general language in cases of the Court of Appeals relied on by the plaintiff in error, such as *Equitable Mfg. Co.* v. *Hill-Atkinson Co.*, 17 *Ga. App.* 494 (2) (87 S. E. 715), and *General Tire & Rubber Co.* v. *Brown Tire Co.*, 46 *Ga. App.* 548 (2-*b*) (168 S. E. 75), that "while an amendment made by the opposite party may open the pleadings to demurrer anew,

it does not open them to new rulings upon the identical questions already previously adjudicated in the same case," will not be construed as extending to cases such as this, where a general demurrer to a petition was *overruled,* and there was a renewed general demurrer to the amended petition after a *material* amendment had been filed. But if such language could be so extended in its construction, it must yield, as to any such application, to the holding in *Tingle* v. *Maddox,* supra. Nothing was ruled to the contrary in *Central of Ga. Ry. Co.* v. *Waldo,* 6 *Ga. App.* 840 (65 S. E. 1098), where, in only deciding that the judgment overruling a first demurrer was the law of the case because the amendment was *immaterial,* the ruling was merely that "a judgment of the court on demurrer, not excepted to, becomes the law of the case, and unless an amendment to the petition, made subsequently to the judgment on demurrer, materially changes the cause of action, the petition is not again open to demurrer." Accordingly, the order overruling the first demurrer to this original petition could not operate as the law of the case after the plaintiff filed what was a material amendment, and the defendants filed a second demurrer to the petition as thus amended, expressly renewing the grounds of their first demurrer. It is therefore necessary to determine whether the judgment dismissing the amended petition on all the grounds of the second demurrer, including the renewed first grounds, was right for any reason assigned in the renewed first demurrer.

2. On an affidavit of illegality, attacking a judgment by a court of general jurisdiction as void for want of service, it is "necessary for the defendant to show affirmatively, not only that he has not been served, but that he has not waived service by appearance, pleading, or otherwise" (*Jones* v. *Bibb Brick Co.,* 120 *Ga.* 321, 327, 48 S. E. 25; *Cobb* v. *Pilman,* 49 *Ga.* 578; Code, §§ 39-1001, 39-1009), since "all the presumptions are in favor of the regularity of that judgment, and therefore . . the burden is upon such defendant to plead and prove, not only that he was not served in the manner pointed out by law, but also that the court did not acquire jurisdiction of his person by an acknowledgment of service and waiver of copy and process, by his appearing in person and pleading, or by the appearance of some one lawfully authorized who does so appear and plead for him." *LeMaster* v.

*Orr,* 101 *Ga.* 762, 764 (29 S. E. 32). The rule is different if there is a recital in the judgment showing affirmatively that "the return of service made by the sheriff was the only basis of jurisdiction of the court over the person of the defendant." *Wheeler* v. *Martin,* 145 *Ga.* 164, 169 (88 S. E. 951) ; *Hobby* v. *Bunch,* 83 *Ga.* 1 (5), 11 (10 S. E. 113, 20 Am. St. R. 301).

(*a*) Whether or not personal service of a scire facias in a criminal bond forfeiture under the Code, § 27-906, must be made personally upon the surety if he resides in the county, so that service by merely leaving a copy at his home would be insufficient (see *Atwood* v. *Hirsch,* 123 *Ga.* 734, 51 S. E. 742 ; *Baldwin* v. *Baldwin,* 116 *Ga.* 471, 472, 42 S. E. 727 ; *Southern States Phosphate Co.* v. *Clark,* 149 *Ga.* 647 (2), 101 S. E. 536, and cit.), and even if it be assumed that the averments of this petition to recover land and for equitable relief against a sheriff's deed based upon a judgment on such a scire facias, and the pleaded part of the record attached to the petition, were sufficient to show the invalidity of the service of the scire facias merely by leaving the process at the home of the surety, there was nevertheless no averment or statement in the record which would in any event negative the fact that, during the year's interim between any such defective service and the entry of the judgment, the surety may have waived service expressly, or impliedly by pleading or otherwise appearing in the case. The mere statement in the judgment that the defendants had not shown any "*sufficient* cause" why the "bond should not be forfeited," perhaps indicating some sort of a defense, could in no event be construed as meaning that no defense had been filed and no appearance had been made.

(*b*) As to the additional ground of attack on the sheriff's deed and the judgment, because the scire facias was served less than the twenty days before the return day, required by the Code, § 27-906, the ruling just made as to the failure of the petition or record to show any express or implied waiver of such a possible defect renders it unnecessary to determine whether the provisions of the Code, § 81-218 (Ga. L. 1884-1885, p. 103), that "whenever process is not served the length of time required by law before the appearance term, such service shall be good for the next succeeding term thereafter, which shall be the appearance term," would be applicable to a scire facias under § 27-906, so as to prevent

service within the twenty days before the appearance term fixed by the writ from being invalid, if the judgment is not taken before the next succeeding term. See *Braxton* v. *Candler,* 112 *Ga.* 469 (37 S. E. 710), where an inspection of the record shows that judgment was taken during the same term fixed by the scire facias; *Donaldson* v. *Dodd,* 79 *Ga.* 763, 765 (4 S. E. 157), which arose before the act of 1885, now codified in § 81-218; *Ray* v. *Atlanta Banking Co.,* 110 *Ga.* 305 (3) (35 S. E. 117), and cit., and *Vaughn* v. *Farmers & Merchants Bank,* 145 *Ga.* 338 (89 S. E. 195), holding that the general-process statute is applicable to rules nisi in foreclosures of real estate mortgages under the Code, §§ 67-201, 67-301. See also *Robinson* v. *Brown,* 146 *Ga.* 257 (2) (91 S. E. 31); *Solomon* v. *Newell,* 67 *Ga.* 572; *Hood* v. *Powers,* 57 *Ga.* 244; *Reese* v. *Shepard,* 27 *Ga.* 226; *Warren* v. *Slaton,* 14 *Ga. App.* 734 (82 S. E. 302).

3. Under the preceding holdings, the trial judge having correctly dismissed the petition on the first renewed general demurrer for the reasons stated, it is unnecessary to consider the question raised by the second demurrer, as to whether the amendment to the petition of the administratrix, setting forth year's support proceedings, showed that the title to the property sued for was in the widow and children of the decedent.

*Judgment affirmed. All the Justices concur.*