67439. RAWLINS v. BUSBEE.

QUILLIAN, Presiding Judge.

This is an appeal from forfeiture of a criminal recognizance. On July 25, 1979, Simmons McLeod as principal, and J. R. Cloud, Sr., for Central Bonding Company as security, executed an appearance bond binding McLeod to be present at the November 1979 term of the Pike County Superior Court. When he did not appear, Cloud was served with a Rule Nisi and Absolute to Forfeit Bond. Cloud appeared and answered. Appellant Howard Rawlins also appeared and testified. Cloud testified he was merely an agent for the bonding company which was owned by Rawlins. Rawlins testified that he and Cloud were equal owners of the company. The trial court found that both collected and divided a fee of $7,550 as consideration for signing McLeod's bond and that Rawlins also obtained title to a valuable farm in Pike County from McLeod.

An order of the court was filed December 8, 1980, which amended the style of the case from J. R. Cloud Sr. and Central Bonding Company as sureties, to list Howard M. Rawlins d/b/a Central Bonding Company as sureties. The record contains no objection to this change of surety. This order cited that a Rule Nisi issued at the 1980 April term requiring defendants to show cause why the bond should not be forfeited. It also recited that "a scire facias was duly issued and served; and said defendants [then McLeod and Rawlins] have shown no sufficient cause why said bond should not be forfeited." The Rule Nisi was made absolute and judgment entered against Rawlins in the amount of $150,000.00. A Fieri Facias issued

the same day, December 8, 1980, for execution upon Rawlins as surety. The record shows no appeal was taken from that judgment.

On March 27, 1981, Rawlins filed a Petition for Stay of Levy and for Permission to Satisfy Said Writ by Installments and for Other Relief. Appellant recited that he had expended large sums of money in an attempt to locate his principal and believed he was "being kept 'under cover' by an agency of the United States Government," and was being used in the prosecution of illegal drug offenders by the federal government. The record shows that McLeod was described as a "cooperating defendant" in the "Miami 'Black Tuna' " federal trials from September 1979 through February 1980. However, McLeod's bond was not forfeited until July, 1980. On December 9, 1981, Rawlins filed an amendment to his earlier petition and requested reduction in the amount of the bond. A Rule Nisi did not accompany the motion or its amendment.

A Motion to Dismiss was filed by the State on December 11, 1981, on the ground that appellant's motion did not state a cause of action and the petitioner had made no attempt to bring the motion on for a hearing. The State's Motion to Dismiss was granted. Execution issued and on December 16, 1981 the sheriff levied his fi. fa. on the real estate transferred to Rawlins by Simmons McLeod. Rawlins filed an Affidavit of Illegality, alleging: (1) the appearance bond was null and void, (2) Rawlins was not a surety on the appearance bond, (3) no Rule Nisi was ever served on Rawlins, nor has service or notice been made upon any person or entity as surety on the bond forfeiture proceedings, (4) there was an outstanding security deed against the property levied on, and (5) a second security deed had been placed on the property levied upon by the sheriff, leaving "no leviable interest in the Grantor . . . or in the successors or assigns" of the grantor — which included Rawlins.

On January 27, 1983, a Motion to Dismiss the Affidavit of Illegality was filed by the State. Following hearing the trial court issued an order dated January 27, 1983, dismissing Rawlins' Affidavit of Illegality. Appeal is taken from that judgment. *Held:*

Appellant's grounds for his Affidavit of Illegality can be divided into two major groupings: (1) the judgment of December 8, 1980 on the criminal recognizance forfeiture is void as to him because (a) Rawlins is not a surety on the bond, (b) Rawlins was not served with process or any Rule Nisi, and (c) the bond is null and void for various reasons; and (2) Rawlins has no leviable interest in the land upon which the fi. fa. was levied.

(1) (a) An Affidavit of Illegality is a proper method of attack on a judgment when the defendant claims lack of service. OCGA § 9-13-120 (Code Ann. § 39-1001); Davis and Shulman, Ga. Practice

and Procedure (4th Ed.) 289, § 18-8. Although Rawlins was not named as surety on the original forfeiture action, the style of the action was changed to name him as surety during the course of the trial. The record shows no objection to this change. Rawlins did appear and testify that he was a partner in Central Bonding Company with Cloud. Cloud was served with process and testified that he was an agent for Central Bonding — hence an agent for Rawlins. "Service upon an agent is personal service." *Headrick v. Fordham,* 154 Ga. App. 415, 416 (268 SE2d 753). Judgment was rendered against Rawlins and no appeal was taken.

The burden is on the appellant, who appeared at trial, to come forward and raise the issue of insufficiency of service of process, and to show that the person served was not his agent — since he had testified that he was an agent for appellant's company. *Rupee v. Mobile Home Brokers,* 124 Ga. App. 86, 88 (2) (183 SE2d 34). Appellant did not carry that burden. The trial court released Cloud as surety and substituted Rawlins. The record shows no objection to this substitution.

(b). "A defense of insufficiency of process or insufficiency of service of process is waived if it is neither made by motion nor included in a responsive pleading, as originally filed." *Pasco Steel Corp. v. Bd. of Education,* 139 Ga. App. 87 (1) (227 SE2d 887); OCGA § 9-11-12 (b) and (h) (1) (Code Ann. § 81A-112); accord: *Moore v. First Nat. Bank,* 141 Ga. App. 164 (1) (233 SE2d 26); *Matthews v. Fayette County,* 233 Ga. 220, 221 (210 SE2d 758).

It is not essential to the jurisdiction of the court over a defendant that he be personally served with the petition and process. A court may acquire jurisdiction of the person by acknowledgment of service of the petition (OCGA § 9-10-73) (Code Ann. § 81-211), or by waiver thereof by voluntary appearance and pleading without raising the issue (OCGA § 9-11-12 (h) (1)) (Code Ann. § 81A-112), or when any of these acts are done by someone legally authorized by him to take such action. *Oliver v. Rutland,* 48 Ga. App. 326 (2) (172 SE 660).

"While parties can not by consent confer jurisdiction upon a court which has none, they may, either expressly or by their conduct, waive objections to remedies pursued in courts having jurisdiction of the subject-matter." *Foster v. Phinizy,* 121 Ga. 673 (2) (49 SE 865). "Where the subject-matter of a controversy involved in a claim case is within the jurisdiction of the court to which it is returned, if the claimant appears and joins issue thereon without pleading to the jurisdiction, in so far as it affects [his] person, and without exception to the levy, such conduct amounts in law to a waiver of any question upon the jurisdiction of the court as to the person of the claimant..." *Stamps v. Hardigree,* 100 Ga. 160 (2) (28 SE 41). Here the court had

subject-matter jurisdiction, the appellant appeared and defended, the style of the action was changed to name him as surety and he suffered judgment to be taken against him without raising the issue of jurisdiction over his person. "If the defendant was not served and did not appear, he may take advantage of the defect by affidavit of illegality. However, if he has had his day in court, he may not go behind the judgment by an affidavit of illegality." OCGA § 9-13-121 (Code Ann. § 39-1009). Rawlins appeared and defended according to the orders issued by the court and the subsequent Motions filed by him to reduce bond, stay the levy, and for permission to satisfy the writ by installment payments. "Moreover, where a partnership is sued [as in the instant case], and service is had upon the partners themselves, or they appear and defend in behalf of the partnership, the individual property of the partners, as well as the partnership assets, is subject to levy of the execution issuing on such a judgment." *Ragan v. Smith,* 49 Ga. App. 118 (2) (174 SE 180). In the instant case the partner appeared and defended.

(c). "On an affidavit of illegality, attacking a judgment by a court of general jurisdiction as void for want of service it is 'necessary for the [affiant] to show affirmatively, not only that he has not been served, but that he has not waived service by appearance, pleading, or otherwise . . .' [Cits.] since, 'all the presumptions are in favor of the regularity of that judgment, and therefore . . . the burden is upon such [affiant] to plead and prove, not only that he was not served in the manner pointed out by law, but also that the court did not acquire jurisdiction of his person by an acknowledgment of service and waiver of copy and process, by his appearing in person and pleading, or by the appearance of some one lawfully authorized who does so appear and plead for him.' " *Green v. Spires,* 189 Ga. 719, 722 (2) (7 SE2d 246). "*An affidavit of illegality* which avers only that the levy is proceeding illegally because the defendant in execution was never served with a copy of the petition and process, and no entry of service of process appears, and *which contains no averment that the defendant or some one by him legally authorized to do so never acknowledged service of the petition or the process, never waived service, and never voluntarily appeared and filed a plea and answer in the case, is insufficient on its face* as an allegation that the court had no jurisdiction of the defendant, and that the judgment was for that reason void." (Emphasis supplied.) *Oliver v. Rutland,* 48 Ga. App. 326 (2), supra; accord: *Ragan v. Smith,* 49 Ga. App. 118 (2), supra. Appellant's affidavit is insufficient on its face for want of the required averments, and the record is insufficient for want of proof of those same averments. Enumerations raising the insufficiency of the original bond were not raised in the forfeiture proceeding which has

become final, nor are they properly raised by the affidavit, and in any event are unsupported by the record.

(2). Rawlins' last allegation of error enumerated in his Affidavit of Illegality is that he did not have a leviable interest in the property upon which the fi. fa. was levied. Upon the trial of an illegality affidavit, title to the property levied on is not involved, and evidence offered by the affiant, that the land had been conveyed to a third party is irrelevant and immaterial. *Harris v. Woodard,* 133 Ga. 104 (5) (65 SE 250); *Morris-Bell Co. v. Wall,* 32 Ga. App. 774 (1) (124 SE 814); *Ragan v. Smith,* 49 Ga. App. 118 (1), supra.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED JANUARY 4, 1984 —
REHEARING DENIED FEBRUARY 1, 1984 — ▮▮▮▮▮▮

*Claudia J. Edwards, J. Lansing Kimmey III, Owen J. Adams,* for appellant.

*Johnnie L. Caldwell, Jr., District Attorney, Don E. Snow, Richard T. Bridges,* for appellee.