## WADE & CO. vs. HAMILTON et al.

1. A delivery of cotton to a common carrier for a consignee, and its acceptance by the carrier for the consignee, when there was a previous agreement between the consignee and consignor, that the latter should send the cotton to the former, is a delivery to the consignee.

2. The interest which will support a claim under our statute, is any interest which renders the property not subject to the levying *fi. fa.* or attachment, or which is inconsistent with the plaintiff's right to proceed in selling the property.

*Certiorari*, in Chatham Superior Court from the City Court of Savannah, decided by Judge FLEMING, at the May Term, 1859.

This was an attachment in favor of E. C. Wade & Co. against James Hamilton, levied on five bales of cotton as the property of defendant in attachment. Lawson & Addison interposed their claim to the cotton, and the validity of that claim was the question. The Judge of the City Court held

it to be invalid ; Judge Fleming reversed the decision, and that reversal is the error assigned. The facts of the case were agreed as follows : James Hamilton obtained an advance of $250 00 from the claimants, upon a promise that he would send them five bales of cotton, out of the proceeds of which they were to reimburse themselves and pay over to him any surplus. He accordingly placed the cotton upon a steamer, having marked it "Lawson & Addison," and with instructions to deliver it to them on its arrival at Savannah. The steamer discharged the cotton upon the wharf when she arrived at Savannah. E. C. Wade & Co., levied their attachment, (founded upon an advance made by them as factors,) and the claimants interposed their claim.

HAMILTON COUPER, for plaintiff in error.

NORWOOD, WILSON & LESTER, *contra.*

*By the Court.*—STEPHENS, J., delivering the opinion.

1. We think that Hamilton's delivery of this cotton to the common carrier *for* the claimants, and the carrier's acceptance of it *for* them, with their expectation and consent, that it should come to them in that very mode, was a delivery to *them.* The argument was, that the carrier was not *their* agent, but the agent of Hamilton, and that therefore, the possession had never got to them. The facts of this case constituted the carrier agent of both parties. Hamilton was acting for himself in selecting the carrier ; but he was also acting for the claimants in that very same act of selecting an agent. He was doing precisely what he agreed to do for them, sending cotton to them for their benefit, and selecting for them, in pursuance of his agreement to do so, an agent to carry it, The carrier was selected for them by their agent for that purpose, Mr. Hamilton, and the agent so selected *accepted* for them. The delivery being to them, their lien as factors immediately attached to the cotton.

2. But it was said, that granting their lien to have attached, they could not assert it by a *claim.* Their lien gave them such an interest as entitled them to payment of their debt in preference to the plaintiff's in attachment, and we think that was interest enough to support a claim under the statute.

The very question to be tried in a claim case is, whether or not the claimant has such an interest in the property as renders it *not subject* to the attachment or *fi. fa.* Nor does this view conflict in the least with the previous rulings of this Court, that the claimant is not intitled to interrupt or interfere with the process of the plaintiff against the defendant in execution, except upon the strength of his own interest in the property, analogizing the claimant to a plaintiff in ejectment or trover who must recover upon the strength of his own right, and not upon the want of right in his adversary. An uninterested person cannot interfere to raise the issue of subject or not subject, but surely he may so interfere, whose very interest renders the property *not* subject. We are entirely satisfied, both as to the right and as to the remedy.

Judgment affirmed.