Roberts *et ux. vs.* Trammell.

---

HEZEKIAH C. ROBERTS *et ux.*, praintiffs in error, *vs.* WILLIAM T. TRAMMELL, defendant in error.

1. Where a deed was made and bond for titles taken by the vendor from the vendee, with the intention that the entire transaction should operate as an equitable mortgage to secure a loan of money made by the obligor to the obligee in the bond, the latter cannot resist a recovery in an action of ejectment in favor of the former by setting up the facts aforesaid in an equitable plea, without offering to pay the amount borrowed with the interest thereon.

2. The 11th section of the act of 1868, embodied in the 2025th section of the Code, authorizing a sale of the homestead as therein provided, is in conflict with the first section of the seventh article of the constitution, and therefore void.

BLECKLEY, Judge, concurring.

1. In so far as it may be the purpose of the eleventh section of the act of 1868, to allow a sale or encumbrance of the homestead for objects other than those specified in the constitution, the section is unconstitutional and void, inasmuch as no provision is made for investing the proceeds in *like property*, and securing the same to the sole use and benefit of the family. A sale which converts realty into personalty, *and leaves it personalty*, is manifestly repugnant to the constitution.

2. A conveyance of the homstead by husband and wife, with the approval of the ordinary, to raise money for the husband to commence or resume business, the object being known to the purchaser, passes no title on which recovery can be had in ejectment, so long as the family exists. If the purchaser acquires any title whatever, by means of such conveyance, it is one to take effect in possession only after a dissolution of the family, and the consequent cessation of the homestead right. 47 *Georgia Reports*, 620.

JACKSON, Judge, concurring.

1. The wife not having joined in a written application to sell or encumber the homestead, and not having been examined at all by the ordinary to see that her consent was freely and voluntarily given to the deed, the statute, Code, section 2025, has not been fully complied with and the deed passed no title to the grantee: 45 *Georgia Reports*, 621.

2. Even if the statute had been fully complied with, it is unconstitutional so far as it may be construed to authorize the alienation of the homestead, or its encumbrance, to enable the husband to go into any business engagement or speculation; and the deed in the case at bar, showing on its face that it was executed for such purpose, is against the true intent and spirit of the constitution and absolutely void.

Equitable mortgage.    Ejectment.    Homestead.    Constitutional law.    Before Judge HALL.    Spalding Superior Court. August Term, 1874.

Reported in the opinions.

A. T. AKERMAN; BOYNTON & DISMUKE; D. N. MARTIN, for plaintiffs in error.

E. W. BECK; SPEER & STEWART, for defendant.

WARNER, Chief Justice.

This was an action of ejectment brought by the plaintiff against the defendants to recover the possession of a certain described house and lot in the city of Griffin, and the value of the rent thereof. The defendants filed an equitable plea to the plaintiff's action, alleging that the deed under which the plaintiffs claimed the title, was executed as a security for the loan of money, and was nothing more than an equitable mortgage, but the defendant did not offer to redeem the premises conveyed, by paying the money alleged to have been borrowed with the lawful interest due thereon. On the trial of the case, the jury, under the charge of the court, found a verdict in favor of the plaintiff for the premises in dispute, and the sum of $200 00 for rent. The defendants made a motion for a new trial on the several grounds set forth, which was overruled by the court, and defendants excepted.

1. It appears from the evidence in the record that in November, 1868, Mrs. Roberts, one of the defendants, applied for and obtained in behalf of herself and family a homestead exemption (her husband refusing to apply for the same,) of the house and lot in controversy; that afterwards, on the 10th

of July, 1871, Roberts and wife executed a deed to the plaintiff, conveying to him the homestead premises for the consideration of $2,500 00, in which deed it is recited "that said sum of money is to be invested in a business arrangement, which the judgment of Mrs. Roberts approves, to enable her husband to enter again upon active employment for the support of his family, and to have some capital with which to engage in business which promises a good support for himself and family." This deed was approved by the ordinary on the same day it bears date, though it appears from the evidence that Mrs. Roberts was not present at the time of its approval. It also appears from the evidence that the business arrangement in which the money arising from the sale of the homestead was to be invested by Roberts, was in a partnership to make shingles. It further appears from the record that on the 3d of July, 1871, the plaintiff executed a bond to Roberts and wife conditioned to convey the premises in dispute to them by the 17th of May, 1872, if they should pay to him the sum of $2,535 00 on the day last mentioned. There was considerable evidence offered by both parties as to the sale of the property being an absolute sale, or whether the deed executed by Roberts and wife to the plaintiff was intended as a security for money borrowed, and therefore was merely an equitable mortgage. The evidence upon this point in the case was conflicting. Assuming, however, that it was an equitable mortgage, the defendants did not offer to redeem the property conveyed by the payment, or offering to pay, the money alleged to have been borrowed with the lawful interest due thereon, and so far as this branch of the case is concerned, it comes within the ruling of this court in *Lackey vs. Bostwick, 54th Georgia Reports,* 45.

2. The controlling question in the case, and which for the first time this court is called on to decide, is whether the 11th section of the act of 1868, embodied in the 2025th section of the Code, authorizing a sale of the homestead as therein provided, is not in conflict with the 1st section of the 7th article of the constitution of 1868, and therefore void; in other

words, whether the plaintiff's title to the homestead, conveyed by the defendants to him in pursuance of that act, as set forth in the record, is not void, as being in violation of the true intent, meaning and spirit of the constitution of 1868, providing a homestead for each head of a family. The constitution declares that "each head of a family, or guardian, or trustee of a family of minor children, shall be entitled to a homestead of realty to the value of $2,000 00 in specie, and personal property to the value of $1,000 00 in specie, both to be valued at the time they are set apart. And no court or ministerial officer in this state shall ever have jurisdiction or authority to enforce any judgment, decree or execution, against said property so set apart, including such improvements as may be made thereon from time to time, except for taxes, money borrowed and expended in the improvement of the homestead, or for the purchase money of the same, and for labor done thereon, or for materials furnished therefor, or removal of incumbrances thereon. And it shall be the duty of the general assembly, as early as practicable, to provide by law for the setting apart and valuation of said property, and to enact laws for the full and complete protection and security of the same, to the sole use and benefit of the families as aforesaid."

This is the organic, fundamental law of the state. By the 11th section of the act of 1868, it is declared that "said property so set apart (the homestead property) cannot be encumbered or alienated by the husband, but if the same be sold or encumbered by him and his wife, jointly, (in the case of husband and wife) or if they, with the approval of the ordinary, for the time being, indorsed on the encumbrance or deed, said encumbrance or deed shall be as valid as if said property had never been so set apart." It was the clear and obvious intention of that provision of the constitution before recited, to provide a *permanent* home for the family, and for the benefit of the family; that was the great paramount object to be accomplished, so as to attach the families of our people *permanently* to the soil of the state, and to provide the means

Roberts *et ux. vs.* Trammell.

for their support and education, and in order to secure these objects and purposes beyond any contingency which might happen, it is expressly declared that no court, or ministerial officer in this state, shall ever have jurisdiction or authority to enforce any judgment, decree, or execution against the property so set apart, including the improvements made thereon, except for the following specified objects and purposes, to-wit: taxes, money borrowed and expended in the improvement of the homestead, or for the purchase money of the same, and for labor done and material furnished therefor, or for removal of encumbrances thereon. No court in this state has jurisdiction or authority to enforce *any* judgment or decree against the homestead, on any contract or cause of action made or arising since the adoption of the constitution, except for the five above enumerated objects. The jurisdiction of the courts to enforce judgments only on such contracts or causes of action as are specifically enumerated, is expressly limited by the constitution thereto, for the protection of the homestead for the benefit of the families to whom the same is set apart If there could be any doubt upon that question the constitution removes it when it declares that it shall be the duty of the general assembly to enact laws for the full and complete protection and security of the same, (the homestead) *to the sole use and benefit of said families as aforesaid.* It would be a legal absurdity to hold that the constitution contemplated that any other contracts should be made in relation to the homestead, other than those expressly enumerated, and then to declare that no court in the state should ever have jurisdiction to enforce the same by its judgment. The constitution expressly *limits* the objects and purposes for which contracts in relation to the homestead shall be made which the courts have jurisdiction to enforce by judgments and decrees, and denies jurisdiction to *all others.* The constitution is *exhaustive* as to the class of contracts relating to the homestead, which the courts of the state have jurisdiction to enforce by judgments and decrees.

The question which presents itself for our decision and judg-

Roberts *et ux. vs.* Trammell.

ment is whether the 11th section of the act of 1868, under the provisions of which the homestead set forth in the record was sold, is or is not in conflict with the fundamental law of the state, in so far as that act authorizes the sale of the homestead as therein provided. Inasmuch as the constitution expressly denies jurisdiction to the courts of the state to enforce *any* judgment or decree which might be obtained on any contract or cause of action against the homestead, except for certain specified objects therein enumerated, such denial of jurisdiction to the courts of the state necessarily operates as a *restriction* upon the power of the general assembly to enact a law authorizing a contract to be made for the *sale of the homestead*, that not being one of the exceptions mentioned in the constitution. Besides, the constitution enjoins it as a duty upon the general assembly to enact laws for the full and complete protection and security of the homestead to the *sole* use and benefit of said families as aforesaid, that is to say, for the *sole* use and benefit of the families for whom the homestead was set apart. The act of 1868 authorizes a sale of the homestead, with the approval of the ordinary, without any restriction or provision whatever as to whether such sale will be for the benefit of the family, and without making any provision whatever for the reinvestment of the proceeds of the sale of the homestead for the *sole* use and benefit of the family for whom it was set apart. The act of 1868 authorizes the husband and wife, with the approval of the ordinary, to sell the homestead without more, and is directly and manifestly in conflict with the true intent, meaning and spirit of the constitution, and is therefore void. It was competent for the framers of the constitution to deny therein to the courts of the state, jurisdiction for the enforcement of judgments obtained on contracts or other causes of action made and arising subsequent to its adoption against the homestead, except as therein specially provided. But if the court, in the case now before us, should undertake to enforce the judgment obtained by the plaintiff, based as it is on the deed conveying the title of the homestead made under the provisions of the

Roberts *et ux. vs.* Trammell.

act of 1868, it would do so in the very teeth of the constitution. The plaintiff has brought his action of ejectment to recover the possession of the homestead, and claims the legal right to do so under his deed made by Roberts and wife, with the approval of the ordinary, conveying the homestead to him as provided by the act of 1868. The jury found a verdict in favor of the plaintiff, and he is entitled to have a judgment on that verdict, that he recover possession of the homestead, and is entitled to a writ of possession to enforce that judgment, provided the act of 1868, on which his title is based, is a valid constitutional law. But here he is confronted with the stern provision of the constitution, which declares that no court or ministerial officer in this state shall ever have jurisdiction or authority to enforce *any* judgment, decree, or execution against the homestead property set apart as such, except for taxes, money borrowed and expended in the improvement of the homestead, or for the purchase money of the same, and for labor done thereon, or material furnished therefor, or removal of encumbrances thereon. It is not pretended that the contract or cause of action on which the plaintiff's judgment is based was for either of the objects embraced in the exceptions specified in the constitution, but, on the contrary, it is affirmatively shown by the evidence in the record that the proceeds of the sale of the homestead which was approved by the ordinary, was to be invested by the husband in a shingle speculation.

The plaintiff bases his right to recover the possession of the homestead on the provisions of the act of 1868, and the question is, which is the paramount law, the act of 1868 or the constitution of the state? The act of 1868, as has been already shown, being in conflict with the plain provisions of the constitution, the former must yield to the latter, and be declared void, so far as it relates to the sale of the homestead as *therein provided.* We will not now undertake to say that it would not be competent for the general assembly to provide by law for the sale of the homestead, under special circumstances, if it should become necessary to do so, for the full and com-

plete protection and security of the family for whose sole use and benefit the homestead was set apart, and for the purpose of re-investing the proceeds thereof in another homestead, under such regulations and restrictions as will carry into effect the true intent, meaning and spirit of the constitution in relation to the homestead set apart for the sole use and benefit of the family. What we now decide is, that the general assembly have not done so by the act of 1868. The provision made by that act for the sale of the homestead as therein provided, is in conflict with the constitution, and necessarily defeats the true intent and meaning thereof, inasmuch as it authorizes a sale of the homestead by the husband and wife, with the consent of the ordinary, without any provision or restriction as to the application of the proceeds thereof for the *sole* use and benefit of the family for whom it was set apart. By no fair and reasonable construction of the homestead provision in the constitution can it be assumed that it was intended that the homestead set apart should be sold, and the proceeds thereof invested in a shingle speculation, or in any other speculation ; but, on the contrary, it was intended to be a per-manent home for the support and education of the family for whose *sole* use and benefit it was set apart. It may be said that the judgment which the plaintiff is seeking to enforce in this case is not based on a contract, but is based on his title to the land in dispute. But the evidence in the record shows that he is seeking to recover the possession of the identical homestead set apart, from those for whose benefit it was set apart, and the evidence further. shows that the only title under which he seeks to recover that possession is based on the deed made under the provisions of the act of 1868, authorizing the sale of the homestead by the tenants in possession thereof to him. The defendants offered in evi-dence the homestead exemption, to protect their possession thereto. The plaintiff replies by exhibiting his deed of the 10th of July, 1871, by which the defendants conveyed the homestead premises to him, with the approval of the ordinary, as provided by the act of 1868, therefore the

validity of the act of 1868, which authorized the sale of the homestead, was directly involved in the issue on trial. It may also be said that the judgments which are inhibited from being enforced by the constitution, contemplated judgments on contracts for money demands; that class of judgments undoubtedly were intended to be embraced, but it by no means follows that no other class of judgments were intended to be included, where the words are broad and comprehensive enough to include *all* judgments. The words of the constitution are, that " no court or ministerial officer in this state, shall ever have jurisdiction, or authority, to enforce *any* judgment, decree or execution, against said property so set apart." The clear and manifest intention of this clause of the constitution was to protect the homestead against *any* judgment, whatever might have been the cause of action on which it was founded, except such as are specified in the constitution. The plaintiff's judgment, not being for a cause of action included in the exceptions mentioned, the court has no jurisdiction to enforce it against the defendant's homestead.

Let the judgment of the court below be reversed.

BLECKLEY and JACKSON, Judges, concurred as set forth in the head-notes. They furnished no opinions.