SAULSBURY, RESPESS & COMPANY vs. McCALLUM, executrix.

A husband and wife, with the approval of the ordinary, made a deed to their homestead, set apart under the act of 1868, to secure the repayment of money borrowed, and took a bond to reconvey on the payment of the money. They remained in possession. The creditors obtained judgment on the debt, filed a deed to the husband, and had the land levied on. An affidavit of illegality was filed. *Held*, that the homestead was not subject.

Homestead. Levy and sale. Before Judge PATE. Twiggs Superior Court. September Term, 1879.

Reported in the decision.

E. F. BEST, by M. DEGRAFFENREID, for plaintiffs in error.

No appearance for defendant.

WARNER, Chief Justice.

This case came before the court below on an affidavit of illegality to the levy of an execution upon a homestead in favor of the plaintiffs, and was submitted to the decision of the court upon the following agreed statement of facts: On the eighth day of April, 1874, the plaintiffs loaned to McCallum $1,043.45, and on the same day took a deed from McCallum and wife to his homestead which had been set apart to him as the head of a family on the twenty-sixth day of March, 1874, with the approval of the ordinary thereon, to secure the payment of said loan. A bond to reconvey upon payment of the money was executed at the same time. The plaintiffs afterwards obtained judgment for their said debt, and then executed a deed conveying the land to McCallum, and filed the same in the clerk's office, and had an execution levied on it to satisfy their judgment. McCallum being dead, his wife, who was in possession of the

homestead, filed an affidavit of illegality alleging that said property had been set apart as a homestead, and was not subject to levy and sale in satisfaction of plaintiffs' judgment. The court held and decided that the homestead was not subject to levy and sale, whereupon the plaintiffs excepted. This case comes within the principal ruled by this court in *Trammel vs. Roberts*, 55 *Ga.*, 383, and is controlled by it. This was not a suit to recover back the homestead, as provided by the act of February 26th, 1876, which was required to be brought within six months; besides, McCallum and his wife remained in possession of the homestead until his death, and she has been in possession of it ever since.

Let the judgment of the court below be affirmed.