CRINE & DANIEL, *vs.* DAVIS, receiver.

Factors who held a chattel mortgage agreed with a landlord that if he would rent land to the mortgagor their mortgage should not interfere with the collection of his rent, that it should be paid, and that they would make advances to the tenant to run the farm; and upon the faith of these assurances the landlord rented; but subsequently the factors threatened a foreclosure of their mortgage, the tenant began to remove, the mortgage was foreclosed, and a distress warrant was issued:

*Held*, that the mortgagees were estopped from claiming the fund in the hands of the sheriff to the exclusion of the distress warrant. And on a money rule an answer by the landlord setting up the above facts was not demurrable.

(*a.*) A receiver who took charge of the property of the factors was in no better situation than they themselves.

Mortgages. Contracts. Estoppel. Receivers. 'Before Judge FLEMING. Dougherty Superior Court. April Term, 1881.

Reported in the decision.

C. B. WOOTEN; L. ARNHEIM, for plaintiff in error.

WRIGHT & POPE, for defendant.

JACKSON, Chief Justice.

Certain goods of one Johnson were levied on by the sheriff, and one hundred and fifty-six dollars were held by him as the proceeds thereof. Davis, as receiver for Welch & Bacon, on a money rule against the sheriff, claimed this fund on a mortgage given to Welch & Bacon, and Crine & Daniel claimed it on a distress for rent. The mortgage was older than the distress for rent, but Crine & Daniel put in the following allegations on which they claimed the money :

" And now come respondents M. Crine and C. J. Daniel, using the firm name of Crine & Daniel, and in answer to the rule *nisi* served upon them in the case above stated say, that they claim the money referred to in said rule under and by virtue of a distress warrant sued out by them against the said Jas. Johnson and one Peter Austin, returnable to the April term of the superior court of said county, 1881. That said distress warrant is based upon the contract for the rent of the Crine & Daniel place, situated on the east side of Flint river for the year of 1881, which said contract was dated December 20th, 1880, whereby the said Jas. Johnson and Peter Austin undertook and promised to pay respondents 14 bales of lint cotton, to class low middling, and said cotton to be picked, packed and delivered to said Crine & Daniel in Albany, Ga., which said cotton is of the value of six hundred and thirty dollars ; and respondents further answering say, that before and at the time of entering into said contract of rent with the said Johnson & Austin, respondents had an agreement and understanding with Welch & Bacon, the payees in said mortgage, in which the said Welch & Bacon, in consideration that respondents would enter into said contract of rent, agreed and promised respondents that their said mortgage should in no case interfere with them in the collection of their rent ; the said Welch & Bacon urged the respondents to rent said place to said Johnson

& Austin, saying that they would not break them up, but would run them and see the rent paid, and that no claim of theirs should come in conflict with respondents' claim for rent; and that upon the faith of this promise and assurance of Welch & Bacon, respondents did rent said place as aforesaid. Respondents show further that said tenants were seeking to remove and were actually removing their goods from the premises, and because the said Welch & Bacon and their successor, the said Jno. A. Davis, receiver aforesaid, refused to run them and threatened to foreclose their mortgage aforesaid against them in violation of their agreement aforesaid; and that thereupon respondents sued out their distress warrant and caused the same to be levied upon the property of said tenants; and that the said receiver who stands in the place of Welch & Bacon, as aforesaid, had proceeded to foreclose said mortgage; and that the property levied upon under said mortgage foreclosure is the property levied upon by virtue of respondents' distress warrant. They insist that the said Welch & Bacon, and the said receiver who is their successor, and who received said mortgage after the maturity thereof, are estopped from setting up said mortgage in opposition to respondents' claim for rent."

Attorneys for John A. Davis, receiver, demurred to the respondents' answer. The court sustained the demurrer, ordering the money to be paid over to John A. Davis, receiver, and this is the error complained of, which this court is asked to review.

The plaintiffs in error were induced by Welch & Bacon, according to the allegations of this answer, to rent this place to Johnson, by a promise on their part that this mortgage should not interfere with their collection of rent for it—that they would pay the rent or see it paid, and on this assurance the plaintiffs in error let Johnson have their land, with the further promise that they would not press the mortgage, but advance to Johnson so as to enable him to run the place; that so far from advancing to

him, the mortgage was foreclosed, and this induced Johnson to move off the goods from the place and necessitated the levy of the distress·warrant for the rent.

Was there a consideration moving· between Welch & Bacon and the plaintiffs in error to support this contract? A consideration is valid if any benefit accrues to him who makes the promise or any injury to him who receives it. Code, §2740. In this case there are both ingredients. Welch & Bacon were benefited in that they got to advance and sell Johnson supplies for farming the land rented; and as he was already their mortgage debtor, it was to their interest further to help him work to be more able to pay them; and on the other hand injury would accrue to plaintiffs in error from the contract being broken.

The contract being thus supported by ample consideration, does it estop Welch & Bacon from going right in its teeth, and letting the mortgage take this money over the rent? On every principle of right and equity it must have that effect as to them. Code, §3753; 12 *Ib.*, 52; 51 *Ga.*, 80, 81, division of opinion, 2.

Does Davis, receiver for them, stand in any better position than they occupied? Clearly not. He receives for them to pay with this fund their creditors, but if it be not their fund, but belongs by their contract to plaintiffs in error, what right have they or their creditors or their receiver to it? We are unable to see any right or equity in such a claim. 37 *Ga.*, 619,

Judgment reversed.