## HURLEY & SMITH *vs.* EPPS.

A mechanic has a special lien on personal property for repairs done thereon, which must be asserted by a retention of the property, and is lost by surrender of possession. While a foreclosure of his lien is necessary before sale under it, yet where another levies on the property, it is proper for the mechanic to arrest the proceeding by claim.

(*a.*) To sell, the plaintiff (not falling within the exceptions to the act of 1873) must first pay the mechanic's charges; if he is unwilling to do so, on the trial of the claim case a judgment may be rendered allowing the officer to sell and pay first the fair value of the work, and the balance to the levying creditor.

September 26, 1882.

Liens. Claims. Before Judge POTTLE. Clarke Superior Court. May Term, 1882.

Reported in the decision.

A. J. COBB, for plaintiffs in error.

R. B. RUSSELL, by brief, for defendant.

JACKSON, Chief Justice.

A single legal question is made by this record : Has a mechanic in possession of personal property for repair, and after he has done the work of repairing it, such an interest in the property that he can claim it as against an attaching creditor before foreclosure of his lien, or is he driven as his only remedy to foreclose that lien?

That he has the right to claim the property, unless the statute giving him the remedy by foreclosing the lien excludes that right, is quite clear.    The principle decided in *Wade & Co. vs. Hamilton et al.*, reported in 30 *Ga.*, 450, covers that point.    There it was held that "the interest which will support a claim under our statute is any interest which renders the property not subject to the levying *fi. fa.* or attachment, or which is inconsistent with the plaintiff's right to proceed in selling the property."    That was the case of a claim for advances on cotton by a factor or commission merchant ; this is a case of money due for work done on a buggy.    It is a lien in each case ; and if in the first a claim was the remedy, in the other it is equally so, unless the statutes about foreclosure of the lien have annulled the remedy by claim.    Have they?    Clearly not. The act of February 24th, 1873, acts of 1873, p. 42, settles the point.    The 8th section of that act declares "that all mechanics of every sort, for work done and material furnished in manufacturing personal property, or for repairing personal property, shall have a special lien on the same, which must be asserted by retention of such property, and not otherwise.    The liens arising under this section shall be lost by the surrender of such personal property to the debtor, and shall be superior to all liens but liens for taxes, and such other liens as the mechanic may have actual notice of before the work was done or material furnished."

This act of 1873 is very sweeping, and embraces pro-

Hurley & Smith *vs.* Epps.

visions about all sorts of liens. Section 8, *supra*, r' gulates the mode of enforcing this lien and is codified in 1981 of the Code of 1873, and is unaffected by the subsequent section 1991 of the Code. That section is 1969 of the then Code referred to in the act of 1873, section XVII, which provides that "liens on personal property, not mortgages, when not otherwise herein provided, shall be foreclosed in accordance with provision of section 1969 of the Code and acts amendatory thereof."

We know of no act which changes the act of 1873 in this particular. So that the law is, that the mechanic may claim the property still, and so assert his lien when it is levied on. If he wishes to sell it himself in order to pay himself, then he must foreclose before selling under section 1991; but if another levies on it, he may arrest the proceeding by claim. He loses his lien if he delivers possession to the bailor. Does he not lose it if he lets the sheriff take possession without asserting his claim? We think so. Therefore, as he loses his lien if he parts with possession, and as he has no means to hold possession but by claim, the right to put in his claim in order to retain his lien must exist. The plaintiff can sell if he first pays the lien of the mechanic, but not before. If he will not pay it, because the amount of the charges of the mechanic are too heavy, or in his judgment exorbitant, then on the trial of the claim that issue can be settled, and the property can be sold by a proper judgment, and the money be divided, by first paying the fair value of the work of repair and then the attaching creditor the balance.

In our judgment, for the foregoing reason, the court erred, and the judgment dismissing the mechanic's claim must be reversed.

Judgment reversed.