## PARKER & COMPANY *v.* MATHEWS *et al.*

1. In a claim case, where plaintiff in fi. fa. has made out a prima facie case
   of title in the defendant to the property in dispute, at the time of the levy,
   and the claimants show no title to nor any interest whatever in the prem-
   ises, they can not attack the plaintiff's fi. fa. on the ground that the same
   has been paid off since it issued.
2. The verdict in this case being contrary to the evidence, the court erred
   in overruling the motion for a new trial upon the general grounds there-
   in stated.

           Submitted October 21, — Decided November 25, 1898.

    Levy and claim.    Before Judge Butt.    Talbot superior court.
March term, 1898.

*J. M. Mathews* and *J. J. Bull*, for plaintiffs.

*Persons & Son*, for defendants.

LEWIS, J.    An execution from a judgment rendered July 2, 1887, by the justice's court of the 743d district G. M. of Taylor county, in favor of M. G. Parker & Co. against F. A. Mathews, "per J. F. Mathews, agent," for $100 principal, besides interest and costs, was, on September 27, 1894, levied on certain land in Talbot county as the property of the defendant, and a claim was interposed by J. F. Mathews individually and as agent of Beulah A. Pickard and Sarah T. McMichael.    On the trial of the case there was a verdict finding the property not subject. The plaintiffs moved for a new trial, on the ground that the verdict was contrary to the law and evidence.    The motion was overruled, and they excepted..    The entry of levy by the officer shows that possession was in the defendant in fi. fa. at the time of the levy.    Plaintiffs in fi. fa., in addition to this, introduced a deed to the defendant, F. A. Mathews, conveying the land in dispute, executed on November 20, 1872.    There was no testimony whatever that the claimants ever had any legal title to, or interest in, the property.    J. F. Mathews, one of the claimants, who was the husband of the defendant in fi. fa., simply testified that he and his family had lived on the land many years.    The wife constituted part of the family.    There was nothing in this testimony inconsistent with the defendant's possession in her own right under a deed that had been executed more than twenty years before.    There was a conflict in the testimony as to whether or not the fi. fa. had been paid off, and the verdict of the jury was doubtless based upon the idea that claimants had sustained their contention on this issue, and that therefore the property was not subject.    It appears from the record that the burden of proof was upon the claimants to establish their title to the premises in dispute, the plaintiffs having certainly made out a prima facie case showing title in the defendant in fi. fa.    Instead of meeting this issue, the record fails to show that claimants had any interest in the premises; and the question presented for our consideration is, whether mere strangers to the title to property levied upon can, by filing a claim, make an issue with the plaintiffs in fi. fa. that

their execution has been paid off and canceled. Had the claimants shown they had any interest in the land, although it may have been by virtue of a title acquired since the judgment, and therefore subject to the lien of such judgment, they could unquestionably have attacked the plaintiffs' execution by showing that it had been satisfied. But after the burden has been cast upon them of proving their title to the premises in dispute, they can not meet this issue by showing that the lien of the judgment has been canceled by payment. Such an issue concerns no one but the plaintiffs and defendant, unless some property right of others is involved by an effort to enforce the execution. Were the rule otherwise, then there might be an indefinite number of trials to determine a single question, simply by the interposition of claims by those who have no interest in the question.

The cases of *Hines* v. *Kimball*, 47 *Ga.* 587, and *Smith* v. *Lockett*, 73 *Ga.* 104, are entirely different from the one we are now considering. It appears from those cases that there was simply a motion by claimants to dismiss the proceedings issued in favor of the plaintiffs, upon the ground of fatal defects appearing upon the face of the record. These motions were evidently entertained by the court before the merits of the cases were entered upon. The right of a claimant to quash a fi. fa. or dismiss an attachment because void upon its face can no more be questioned than the right of the plaintiff to dismiss a claim for any fatal defect appearing upon the face of the papers. In the case of *Beers* v. *Dawson*, 8 *Ga.* 556, it was decided that a claimant can not set up an outstanding title in a third person to protect himself and defeat the plaintiff in execution. Lumpkin, J., delivering the opinion in that case, says: "The claimant makes oath that the property levied on is his. The object of this proceeding is, to enable him to protect his own property from sale, and not the property of any one else. The plaintiff in fi. fa. comes into court to litigate the title of the claimant, and not that of some third person, between whom and the claimant there is no privity. Is it not absurd for the claimant to make oath, as he is required to do, that the property *is his*, and then show on the trial that it *belonged to another*? What right

has a *volunteer* thus to interpose between the creditor and his debtor? What is it to him, that somebody has the title, other than the defendant, provided he himself has none?" With equal force we might say, what right has a volunteer to interpose between the creditor and debtor by making an issue that the debt has been paid? In *Wade* v. *Hamilton*, 30 *Ga.* 450–2, Stephens, J., in his opinion, recognizes the soundness of the previous rulings of this court, "that the claimant is not entitled to interrupt or interfere with the process of the plaintiff against the defendant in execution, except upon the strength of his own interest in the property, analogizing the claimant to a plaintiff in ejectment or trover, who must recover upon the strength of his own right, and not upon the want of right in his adversary. An uninterested person can not interfere to raise the issue of subject or not subject, but surely he may so interfere whose very interest renders the property not subject." See also *Stirks* v. *Johnson*, 99 *Ga.* 298.

Claimants in this case, therefore, have utterly failed to overcome the prima facie case made against them, and the verdict of the jury in their favor was contrary to the evidence.

*Judgment reversed. All the Justices concurring, except Lumpkin, P. J., and Little, J., absent.*