### 840. MULKEY *v.* THOMPSON.

1. Under the provisions of §2805, mechanics, for labor done and material furnished in manufacturing and repairing personal property, have a lien which may be asserted by the retention of the property itself, or, if the property is surrendered, the lien may be asserted by record of the claim of lien within ten days, and a proceeding to foreclose, in accordance with the provisions of §2816, Civil Code.

2. A failure to record the claim of lien within ten days from the completion of the labor or the furnishing of material is fatal to the maintenance of a lien where possession of the personal property manufactured or repaired is surrendered to the bailor.

Certiorari, from Early superior court—Judge Worrill. October 11, 1907.

Submitted January 21.—Decided January 29, 1908.

*R. H. Sheffield,* for plaintiff in error.

*Oliver & Russell,* contra.

RUSSELL, J. Thompson foreclosed a mechanic's lien for $20 on a buggy belonging to Mulkey, for work and material furnished in repairing Mulkey's buggy. Mulkey arrested the proceedings by counter-affidavit denying the existence of the lien claimed. Upon the trial in the justice's court, the plaintiff testified, that he contracted with the defendant to repair the defendant's buggy; that no price was agreed upon; that he did certain work and furnished certain material in repairing the same, and charged the defendant $30 for the work; that the defendant paid him $10 and agreed to pay the remainder at a future date; that thereupon he surrendered the buggy to the defendant; that afterwards, on the same day that he surrendered possession, he recorded his claim of lien in the office of the clerk of the superior court of Early county; and that the work on the buggy had been entirely completed three or four weeks before the record of his lien. The defendant introduced no testimony, and the court entered judgment against Mulkey and his security on the replevy bond, D. S..

Sheffield, for $20 and costs. Mulkey carried the case to the superior court by certiorari, and alleged that the judgment of the justice of the peace in foreclosing the mechanic's lien was contrary to law, because the evidence showed that the possession of the property had been surrendered by the plaintiff before recording his claim of lien; because he failed to record his lien within ten days from the time that the work was done and material furnished; and because the evidence did not show that any demand had been made for the amount claimed to be due. The judge of the superior court dismissed the certiorari; and exception is taken to the judgment of dismissal.

The Civil Code, §2805, gives mechanics of every sort a special lien on personal property for work done and material furnished in manufacturing or repairing the same. This lien may be asserted by the retention of the property, or the mechanic may enforce his lien in accordance with the provisions of §2816 of the Civil Code, although he may have surrendered possession. In *Hurley* v. *Epps*, *69 Ga.* 613, the Supreme Court, construing this section, says: "So that the law is, that the mechanic may claim the property still, and so assert his lien when it is levied on. If he wishes to sell it himself in order to pay himself, then he must foreclose before selling, under §1991 [Code of 1873]; but if another levies on it, he may arrest the proceeding by claim. He loses his lien if he delivers possession to the bailor." We think, therefore, that when the mechanic, in this case, surrendered possession without having recorded his claim of lien, he thereby elected to treat the debt due him by Mulkey as an ordinary account, and lost his lien.

Under the terms of the code section construed in *Hurley* v. *Epps*, supra (now Civil Code, §2805), which is not in exactly the same verbiage as the original act of 1873, from which it was taken, a mechanic had the right to elect whether he would retain possession or foreclose his lien. He could do either. But unless he elected to retain the property, he would lose his lien, unless the law upon the subject of foreclosure was strictly complied with. The lien laws, being in derogation of the common law, must be strictly construed, and §2805 providing that these mechanic's liens must be recorded within ten days after the work is done, and it appearing that the claim of lien in this case was

not recorded for three or four weeks after the repairs were completed, the mechanic could not surrender the property at that time without surrendering also his lien, though he could still have asserted his lien by retention of the property. As to the exception on the point of demand not being shown, see *Langston* v. *Anderson*, 69 *Ga.* 65.                    *Judgment reversed.*