## PENTON *et al.* v. HALL.

Where the status of a receiver with respect to property which has come into his hands by virtue of the receivership is that of a mere bailee, equity will restore possession of the property to one whom it has permitted to file an intervention setting up a claim thereto, where the latter establishes the right of possession and a title superior to all others except the owner of a note and agreement of conditional sale, who has the legal title until a balance of the purchase-price is paid by the intervenor.

SEPTEMBER 23, 1913.

Equitable petition—intervention. Before Judge Charlton. Chatham superior court. May 4, 1912.

*E. S. Elliott,* for plaintiffs in error. *T. F. Walsh Jr.,* contra.

HILL, J. In proceedings brought by George R. Penton against Leo G. Hall and others, a receiver was appointed, who took charge

of certain property as being that of the defendants. By leave of court, J. R. Hall filed an intervention, setting up that two horses which thus went into the custody of the receiver belonged to him, and asked that they be taken from the custody of the receiver and returned to him, alleging that the defendants had no interest, title, or property therein. Upon the trial of the intervention the court directed a verdict finding the two horses to be the property of the intervenor. A motion for a new trial, made by the plaintiff and the receiver, was overruled, and they excepted.

The only testimony introduced on the trial was that of the intervenor, which was to the effect, that he bought one of the horses from a named person, and that it belonged to him; that he bought the other horse under a conditional-sale agreement, and still owed a portion of the purchase-price to the holder of the note and agreement; and that he had loaned the horses to the defendants. The special assignments of error were to the effect, that the intervenor could not recover without showing title in himself; that as to one horse the evidence showed the title was in the holder of the conditional-sale agreement; and that, possession being shown in the receiver, the intervenor was not entitled to possession without showing title in himself, or a higher right than the receiver's, which he failed to do, having shown title in a third person. Under the evidence, one of the horses belonged outright to the intervenor; and the question is, whether the court was authorized to direct a verdict in favor of the intervenor for both horses, the legal title to one of them being in a third person.

In an ordinary claim case, where an execution has been levied on property, it has been held that "The interest which will support a claim under our statute is any interest which renders the property not subject to the levying fi. fa. or attachment, or which is inconsistent with the plaintiff's right to proceed in selling the property." *Wade* v. *Hamilton*, 30 *Ga.* 450. And see *Hurley* v. *Epps*, 69 *Ga.* 611; *Rowland* v. *Gregg*, 122 *Ga.* 819 (50 S. E. 949). Under these decisions, had the property been levied on while in the custody of the defendants for whom the receiver was appointed, J. R. Hall (the intervenor) would have had such an interest therein that he could have arrested the proceedings by filing a claim to the property. Property duly acquired by a receiver is in custodia legis. *Tindall* v. *Nisbet* 113 *Ga.* 1114 (39 S. E. 450, 55 L. R. A. 225);

37

*Wikle* v. *Sloan,* 70 *Ga.* 717. The receiver, of course, took only such rights in the property as were held by those for whom he was appointed receiver (*Moise* v. *Chapman,* 24 *Ga.* 249; *Crine* v. *Davis,* 68 *Ga.* 138), and, according to the evidence, the defendants were mere bailees of the horses, as borrowers from the intervenor. Equity, of course, will protect the receiver's possession from unauthorized interference. *Marshall* v. *Lockett,* 76 *Ga.* 289; *Woodburn* v. *Smith,* 96 *Ga.* 241 (22 S. E. 964). But where, as in this case, it permits one claiming the property to file his intervention seeking to have its possession restored to him, and on the trial it is made to appear that the only right of the receiver is that of a mere bailee, as successor to the status of those from whom he acquired the property, and the intervenor further shows in himself a right of possession and a superior title as against every one other than the holder of a note and agreement of conditional sale, who retains the legal title pending the payment of the balance of the purchase-money by the intervenor—facts which would be sufficient to sustain a claim at law,—equity will restore the possession where it rightfully belongs, to wit, to the intervenor. It follows that the court properly directed a verdict awarding the property to the intervenor.

<div align="center">

*Judgment affirmed. All the Justices concur.*