## WHEELER *v.* MARTIN.

1. Where property is levied on under a fi. fa., and a statutory claim is
interposed by a third person, it is not essential that the claimant should
have absolute title as a basis for interposing the claim. Any interest
which renders the property not subject to the fi. fa., or which is incon-
sistent with the plaintiff's right to proceed in selling the property, will
support a claim.

(*a*) A claimant having such an interest in the property may resist the

levy on the ground that the judgment upon which the fi. fa. is based is void.

2. There is no authority of law for serving a minor with a petition and process, in an action at law on a promissory note, by leaving a copy of the petition and process at the most notorious place of abode of the minor. An attempted service in such manner is void, and will not give the court jurisdiction over the person of the defendant.

(a) Where a judgment of a court of competent jurisdiction, valid upon its face, is attacked as void, on the ground that it was based upon such service as just indicated, and it appears that the defendant was a minor at the time of the reputed service, but attained his majority before the judgment was rendered, in order to sustain the attack the burden is upon the person so making it to show affirmatively that after attaining his majority service was not acknowledged or waived in writing by the defendant or for him by some one duly authorized, and that he did not appear and pléad.

3. In an action upon a promissory note which contains a conditional stipulation for payment of attorney's fees, where the judge, without the intervention of a jury, renders a judgment for principal, interest, attorney's fees, and cost of court, stating the amounts separately, the mere improper inclusion of the attorney's fees will not have the effect of rendering the entire judgment void, but it may be purged of the attorney's fees and allowed to stand for the principal, interest, and cost.

4. Where a suit was instituted by an indorsee against prior indorsers and the maker of a promissory note, which contained no waiver of notice of non-payment and of protest for non-payment, and no issuable defense was filed under oath, a judgment rendered by the court without the intervention of a jury was not invalid as to the maker.

MAY 10, 1916.

Claim. Before Judge Fite. Bartow superior court. July 24, 1915.

Dewitt Martin executed a promissory note to L. V. Martin, or bearer, which was negotiated several times by indorsement, and finally went into the hands of the Citizens Bank of Kingston. An action was instituted by the bank against the maker and the several indorsers, in the city court of Cartersville. A judgment was rendered in favor of the plaintiff for the principal, interest, attorney's fees, and cost. J. L. Wheeler, who was one of the indorsers, paid off the bank and became transferee of the fi. fa., and caused it to be levied upon a certain undivided interest in described land as the property of Dewitt Martin. Pauline Martin, a sister of the defendant in fi. fa., holding a deed from Dewitt Martin, executed after the date of the judgment, interposed a claim, which was returned to the superior court. On the trial of the claim case the judge directed a verdict finding the property subject to the extent

of the principal, interest, and cost of court; and the claimant excepted. The other facts sufficiently appear in the opinion.

*Finley & Henson,* for plaintiff in error.

*William T. Townsend,* contra.

ATKINSON, J. 1. The claimant attacked the validity of the judgment on which the execution was based. The plaintiff denied that she had sufficient interest to authorize her to attack the judgment. Certain deeds were admitted in evidence, in which F. M. Martin, the father of the claimant and the defendant in fi. fa., was named as trustee for his then minor children, naming them, "and any other child or children he may have born unto him in lawful wedlock." After conferring certain powers, there was another provision in each of the deeds that if the trustee died while possessed of the property, "the said property becomes absolutely and unconditionally his children's, to be held by them without the right to sell the same until they all become of age." The trustee died, and subsequently the deed by Dewitt Martin to the claimant was executed. At the time of its execution there was in life one minor child of F. M. Martin, the trustee, the issue of a second marriage. On the call of the claim case the plaintiff admitted that the defendant was in possession of the land at the date of the levy, and assumed the burden of proof. The plaintiff contended that the limitation expressed in the trust deed upon the right of the cestui que trust to sell the land during the minority of any child of the trustee had the effect, when considered in connection with the other evidence, of showing conclusively that the claimant had no interest in the property, and that she could not attack the judgment. In the view we take of the case it is unnecessary to enter into a discussion of a construction of the deed. While an uninterested person can not interpose and maintain a statutory claim on the levy of an execution (*Parker* v. *Matthews,* 106 *Ga.* 49, 52, 31 S. E. 784), nor show paramount title in a third person (*Rowland* v. *Gregg,* 122 *Ga.* 819, 50 S. E. 949), it is not essential that the claimant should have absolute title in order to show a basis or standing in court as claimant. Any interest which renders the property not subject to the levying fi. fa. or attachment, or which is inconsistent with the plaintiff's right to proceed in selling the property will support a claim. *Wade* v. *Hamilton,* 30 *Ga.* 450; *Hurley* v. *Epps,* 69 *Ga.* 611; *Penton* v. *Hall,* 140 *Ga.* 576

(79 S. E. 465). It appears that the claimant was in possession of the land at the date of the levy, under a deed executed upon a valuable consideration, which was uncontested by the grantor or any other cestui que trust named in the trust deed. This was sufficient, prima facie, to show title in the claimant. Having such an interest in the property against which it was sought to enforce the lien of the judgment, there can be no question as to the right of the claimant to urge that the judgment was void. In *Robinson* v. *Schly*, 6 *Ga.* 515, it was said: "Whoever undertakes to disturb another in the possession or enjoyment of his property must be clothed with the authority of law for so doing; and it is competent for the owner to ward off this attempt by showing the invalidity of the process, by reason of payment, or any other cause." See also *Bradford* v. *Water Lot Co.*, 58 *Ga.* 280, 282; *Horne* v. *Powell*, 88 *Ga.* 637, 639 (15 S. E. 688). In approving and applying the doctrine above announced, it was said in *New England Mortgage Co.* v. *Watson*, 99 *Ga.* 733 (27 S. E. 160): "If the judgment was void because the defendant in the judgment had never had his day in court, the defendant could make that point at any time; and so could the claimant."

2. The plaintiff introduced the fi. fa. and the entries thereon showing a transfer to the indorser, J. L. Wheeler, the sheriff's levy on the land in dispute, and the trust deeds mentioned in the preceding division. The claimant introduced the original petition upon which the judgment was founded, and the entry of service upon the maker of the note, Dewitt Martin, by the sheriff, and the judgment which was the basis of the fi. fa. From these the following appears: The note was signed by Dewitt Martin as maker, was payable to L. V. Martin or bearer, and was indorsed in blank by the payee and other successive indorsers, including J. L. Wheeler. The several defendants were described in the petition by name, as disclosed by the note. The petition was filed on February 22, 1913. The entry of service was dated February 28, 1913, and purported to have been made upon Dewitt Martin by leaving a copy of the petition and process "at his most notorious place of abode." The judgment rendered by the court was dated June 23, 1913, and contained the recital: "There being no issuable defense filed on oath in this case, judgment is hereby rendered by the court for the plaintiff against the defendant, Dewitt

Martin, as maker," and the other defendants as indorsers, naming them, for stated sums, etc. In addition to the foregoing, there was parol evidence to the following effect: Dewitt Martin became twenty-one years of age on the 24th day of March, 1913. He and the claimant were children of F. M. Martin, the trustee named in the deeds above mentioned. The claimant bought the land from Dewitt Martin for a stated valuable consideration, after the judgment, in ignorance of the existence of the judgment. At the time of the deed to the claimant the trustee was dead, and there was in life a minor child of the trustee by his second marriage. This covers the substance of the entire evidence. The ground upon which it was urged by the claimant that the judgment was void was that Dewitt Martin was a minor over the age of fourteen years at the time the alleged service was made upon him, and that the service was void as not conforming to the requirements of the Civil Code, § 5565; and being void, the court did not acquire jurisdiction relatively to him. It will be observed from the above statement of the evidence that Dewitt Martin was slightly less than twenty-one years of age at the date of alleged service, and that he attained his majority approximately three months before rendition of the judgment, and he did not file any issuable defense under oath in the case. Service of a petition and process upon a minor, by leaving a copy thereof at his most notorious place of abode, is not authorized by the statute cited above, and could not be the basis of a valid judgment. This results under application of the principle ruled in *Hobby* v. *Bunch,* 83 *Ga.* 1 (5), 10 (10 S. E. 113, 20 Am. St. R. 301). Where a minor is sued and served, service upon him, without more, will not require his appearance before the court during his minority. And if he attains his majority while the action is pending, the service so made upon him while a minor will not require his appearance after his majority. But where he attains his majority during the pendency of the action, it is competent for him, after becoming of age, to acknowledge or waive service. If he should do so, the suit would not be void, and a valid judgment could be rendered against him. *Welch* v. *Agar,* 84 *Ga.* 583 (11 S. E. 149, 20 Am. St. R. 380) ; *Ross* v. *Jones,* 52 *Ga.* 22. In *LeMaster* v. *Orr,* 101 *Ga.* 762 (29 S. E. 32), it was said: "Jurisdiction to render a judgment may be acquired by serving the defendant with process of the court in which the case

is pending, by his acknowledging service and waiving copy and process, by his appearing in person and pleading to the merits of the case, or by the appearance of some one lawfully authorized by him, who does so appear and plead for him. Where a judgment has been rendered by a court of general jurisdiction, all the presumptions are in favor of the regularity of that judgment; and therefore where a judgment rendered in the superior court is attacked by affidavit of illegality and the execution issued thereon sought to be resisted upon the ground that the defendant had not had his day in court, the burden is upon such defendant to plead and prove, not only that he was not served in the manner pointed out by law, but also that the court did not acquire jurisdiction of his person by an acknowledgment of service and waiver of copy and process, by his appearing in person and pleading, or by the appearance of some one lawfully authorized who does so appear and plead for him. In the present case there was proof of a want of service, but no evidence that the defendant did not appear and plead either in person or by attorney. The affidavit was, therefore, not sustained by sufficient proof, and the court properly directed a verdict against the defendant on this issue. *Cobb* v. *Pitman,* 49 *Ga.* 578." The foregoing quotation deals with the case of an ordinary common-law judgment in which there was no recital in the judgment showing affirmatively that the return of service made by the sheriff was the only basis of jurisdiction of the court over the person of the defendant. In that respect the case was different from that of *Hobby* v. *Bunch,* supra, in which, upon a construction of the judgment and the return of service upon the defendant made by the sheriff, it was held that the only basis for jurisdiction was a void service as evidenced by the return of the officer. The rulings in the two cases do not conflict. The case we have under consideration is similar to the case of *LeMaster* v. *Orr,* supra, and its reasoning is applicable. The evidence relied on by the claimant to impeach the judgment merely shows minority of the defendant, Dewitt Martin, at the time of the alleged service, entry by the sheriff of a return showing a service that would be void as to a minor, and recitals in the judgment that no issuable defense was filed under oath. Whether after attaining majority, which occurred before judgment, the defendant acknowledged service or waived it in writing, personally or by some one duly authorized

to do so for him, was left to presumption, which was in favor of the validity of the judgment.

3. Another ground upon which it was insisted that the judgment was void was as follows: "The suit being based upon a promissory note stipulating for 10% attorney's fees, and the petition containing allegations and prayers for the recovery thereof, and there being no answer or appearance by defendants, the court rendered a judgment by default, as upon an unconditional contract in writing, for principal, interest, and attorney's fees." It was contended that the judge was without jurisdiction to render a judgment for the attorney's fees, and that the mere inclusion of the attorney's fees in the judgment rendered the judgment void in its entirety. It appears from the bill of exceptions that on the trial of the claim case the judge granted permission to the plaintiff to voluntarily write off the attorney's fees, and, in directing the verdict finding the property subject, provided that it should be subject only to the extent of principal, interest, and cost, thus excluding attorney's fees. Whether the attorney's fees were improperly allowed in the judgment need not be decided. If it be conceded that they were improperly included in the judgment, would the inclusion of them render the judgment void in its entirety or merely void as to the attorney's fees? There is a full discussion of this subject in the case of *Merritt* v. *Bank of Cuthbert,* 143 *Ga.* 394 (85 S. E. 104), where it was ruled that a judgment by the court without a jury in a suit upon a promissory note for principal, interest, and attorney's fees could be purged of the attorney's fees, for which the court did not have jurisdiction to render a judgment, and that the balance of the judgment would be valid. The effect of this is to rule that the mere inclusion of attorney's fees in such a suit would not render the judgment void as to principal, interest, and cost.

4. The remaining attack upon the validity of the judgment was that "the note had been indorsed to the Citizens Bank of Kingston, and suit proceeded to judgment in the name of this bank; the note containing no waiver of notice of non-payment and of protest for non-payment, it became and was necessary to show that it was protested for non-payment; and the case was properly one for the verdict of a jury, and not for judgment by the court as upon an unconditional contract in writing, there being no allegation of

notice of non-payment and protest for non-payment, and the judgment, being rendered by the court as upon an unconditional contract in writing, was void both for want of proper allegations and for want of jurisdiction of the court to render it." The judgment was being enforced against the property of the maker alone, by a transferee, and as against him the judgment was not void.

*Judgment affirmed. All the Justices concur.*